■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. BAUER, Appellant. — 'Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered April 1, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. Over defense counsel's objection, the County Court's charge on the question of defendant's alibi included the following language: "Evidence with respect to alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt but you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed." This charge as to alibi was in a form which has repeatedly been condemned by this and other courts (see *People v Lediard,* 80 AD2d 237; *People v Lee,* 80 AD2d 905; *People v Velazquez,* 77 AD2d 845; *People v Jones,* 74 AD2d 515; *People v Griswold,* 72 AD2d 778) and which, even when analyzed in relation to the entire charge, impermissibly served to place the burden upon the defendant to prove the truth of his alibi (see *People v Velazquez, supra;* see, also, *People v Marr,* 50 NY2d 456, 464). A defendant "does not have to prove the truth of his alibi in any way" *(People v Griswold, supra).* Although the foregoing error, standing alone, is sufficient to mandate a new trial, we also wish to express our disapproval of the prosecutor's use of the unexplained and somewhat miraculously discovered "additional" photograph of the January 22, 1979 lineup (depicting the colors of the trousers worn by the various participants) to impeach the defendant's credibility at trial. The photograph, which was not one of those produced at the suppression hearing upon the defendant's request to produce all such photos, was *not* disclosed prior to the trial, nor was the fact of its existence made known to the defendant at any time prior to its use (cf. *People v Jiminez,* 79 AD2d 442). Moreover, the subject of the attempted impeachment concerned a "collateral" issue (i.e., the color of the trousers worn during the lineup), which was only interjected at trial by the prosecution itself, during its cross-examination of the defendant, for the apparent purpose of impeaching him. Notably, the People had stipulated to the color of the defendant's trousers at the suppression hearing, albeit solely for the purposes of that proceeding. Finally, since there must be a new trial herein, we note that so much of the court's charge as provided that "[i]n the event that you [the jury] find a guilty verdict, it lies within my power to be sympathetic or merciful in imposing sentence", was better left unsaid (see *People v Walstatter,* 73 AD2d 175, 178). We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.