■ In the Matter of MICHAEL A. TURCO, Appellant, v WALTER JABLONSKI et al., Constituting the Board of Elections of the County of Dutchess, and PRISCILLA SHAPIRO et al., Respondents. — Judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated September 8, 1981, affirmed, without costs or disbursements. No opinion. Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT MAYS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered September 5, 1978, convicting him of robbery in the first degree (two counts) and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. The Trial Justice's charge regarding defendant's alibi defense essentially follows the language that we have repeatedly held to constitute reversible error. (See *People v Bauer,* 83 AD2d 869, and the cases cited therein.) Inasmuch as a new trial is mandated, we note that under the circumstances of this case, Police Officer Esty's testimony that Ettora Romano had identified defendant constituted inadmissible hearsay and should have been excluded. (See *People v Trowbridge,* 305 NY 471, 477.) Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA VIVAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered August 8, 1980, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although certain of the prosecutor's remarks during summation were improper and are not to be condoned, under the circumstances of this case, reversal is not warranted. Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD OWENS, Also Known as CLARENCE BROWN, Appellant, v SUPERINTENDENT, OSSINING CORRECTIONAL FACILITY, Respondent. — In a habeas corpus proceeding, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated October 24, 1980, as denied the petition and dismissed the writ, without a hearing. Appeal dismissed as moot, without costs or disbursements. The appeal is moot since petitioner has completed serving the sentence upon which he was paroled. (See *People ex rel. Moore v Dalsheim,* 81 AD2d 844.) Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.