■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. TORTORICE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 10, 1982, convicting defendant upon his plea of guilty of the crime of rape in the first degree. As a result of an incident which occurred on the night of December 4, 1981 in the City of Watervliet, Albany County, wherein defendant, age 16, allegedly engaged in sexual intercourse and deviate sexual intercourse with a 14-year-old girl by means of forcible compulsion, defendant was indicted on one count of rape in the first degree (Penal Law, § 130.35, subd 1) and two counts of sodomy in the first degree (Penal Law, § 130.50, subd 1). On February 8, 1982, he pleaded guilty to the rape charge in full satisfaction of the indictment, and thereafter, he retained different counsel and quickly moved to withdraw his guilty plea. His motion was denied by the court on March 10, 1982, and he was sentenced to an indeterminate term of imprisonment of 6⅔ to 20 years. On this appeal, defendant argues that it was error as a matter of law for the court to deny his motion to withdraw his guilty plea, and we agree. It appears to be uncontested in this case that defendant was 16 years old at the time of the plea, and that in the two months immediately preceding his plea he was held in jail without any consultation with his counsel, the Albany County Public Defender. On the day of the plea, he was informed of the plea bargain and given no more than 15 minutes in which to accept the bargain or go to trial and the record contains further sworn affidavits that he was inaccurately apprised of his options by his then defense counsel. Moreover, when given an opportunity by the court to submit an affidavit contesting these allegations, the public defender failed to do so. Given circumstances such as these, defendant's certified statement to

the police that he had had intercourse only by consent, and the absence of a factual statement to the court by defendant relating the requisite elements of the crime, defendant's mere mouthing of the words "yes" and "guilty" in response to questions by the court is plainly insufficient to establish the validity of the guilty plea (cf. *People v Jimenez,* 73 AD2d 533). Instead, we are presented with a situation wherein an emotionally upset 16-year-old boy was apparently unduly pressured into entering a guilty plea that was neither knowing nor voluntary (see *People v Silipo,* 59 AD2d 807), and such being the case, it clearly was an abuse of discretion to deny his motion to withdraw his plea (cf. *People v White,* 32 NY2d 393). Judgment reversed, on the law, motion to withdraw plea granted, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.