■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HALIKIAS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 11, 1983, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the second degree.

On January 11, 1983, defendant allegedly sold more than four ounces of marihuana to an undercover policeman. Defendant was subsequently indicted for criminal sale of marihuana in the second degree and criminal possession of marihuana in the second degree. Prior to trial, defendant sought disclosure of, *inter alia,* "[t]he arrest photograph taken of the accused at the time of his booking" and "[a]ll previous photographs of the accused in the possession of the police". County Court ordered the prosecution "to provide * * * any photographs relating to this action ·which were made or completed by law enforcement officials". No mugshot or similar photograph was made available to defendant, who apparently was informed by the prosecutor that there were no photographs.

At trial, the main issue was that of identification. Defendant introduced testimony from several witnesses to support his contention that he did not sell any marihuana to the undercover policeman. These witnesses testified that at the time of the alleged sale and later arrest, defendant was clean shaven, contrary to the testimony of the undercover policeman, which portrayed the seller of the marihuana as having a moustache and the beginnings of a goatee. In rebuttal, the prosecution offered a photograph of defendant taken on March 30, 1983 when defendant was arrested. Defendant objected to the use of this photograph on the ground that it had not been disclosed. County Court allowed the photograph to be introduced into evidence, concluding that the mugshot was not specifically enumerated in County Court's prior order, quoted above. Defendant was convicted only of criminal sale of marihuana in the second degree, for which he was sentenced to 2⅓ to 7 years in prison. This appeal followed.

We agree with defendant's contention that the prosecution's failure to supply the photograph taken at the time of arrest deprived him of a fair trial. By seeking disclosure of the arrest photograph, defendant specifically sought the mugshot, which is unquestionably a photograph relating to this action taken by law enforcement personnel and, thus, within the contemplation of County Court's order that the prosecution should disclose such photographs. In the absence of any disclosure of photographs, defendant prepared his defense under the assumption that such photographs did not exist or, at least, would not be utilized by the prosecution. The use of the undisclosed photograph by the prosecution under these circumstances was certainly prejudicial to defendant, who, had he known of the existence of the photograph, might certainly have questioned his witnesses in a manner designed to ameliorate any detrimental

effect the photograph might have had on his defense. Such prejudice cannot be countenanced (see *People v Bauer,* 83 AD2d 869; *People v Jiminez,* 79 AD2d 442, 445-446) and, accordingly, a new trial is required. This conclusion makes it unnecessary to consider the other arguments raised on this appeal.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.