(March 28, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES YOUNG, Also Known as SUPREME, Appellant. — Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 20, 1983, upon a verdict convicting defendant of the crime of assault in the second degree.

When the City of Albany Police responded to the report of an assault incident at an Albany bar, defendant was identified as the perpetrator. Observing defendant on a nearby corner, police approached him and made him aware that they wanted to speak to him. Defendant did not respond, but rather fled with the police in pursuit. At some point in the chase, defendant confronted the police with a bottle and, when the officers attempted to restrain him, he bit one officer on the index finger. Indicted for assault in the second degree, defendant was convicted following a jury trial and sentenced as a second felony offender to an indeterminate term of 3½ to 7 years in prison. Although defendant raises several grounds for reversal on appeal, we need concern ourselves here with but two issues which are dispositive of the matter.

There must be a reversal of the conviction and a new trial. At the trial, defendant elected not to testify. After defendant rested, the prosecutor sought to introduce a statement made by defendant which was inconsistent with testimony of defense witnesses. The statement was improperly admitted by the trial court. Prior inconsistent statements obtained without constitutional safeguards can be used to *impeach the credibility of a defendant* (*People v Ricco,* 56 NY2d 320, 323). Here, defendant did not testify and, therefore, his statements could not be used to impeach his credibility. It was improper to use defendant's statement to attack the credibility of defense witnesses or as an indirect attempt to impugn defendant's credibility (*see,* Richardson, Evidence § 501, at 486-487 [Prince 10th ed 1973]). In view of the fact that credibility was a crucial issue and, if the police were believed, proof of guilt would be overwhelming, the improper use of defendant's statement was extremely damaging to defendant and its introduction cannot be considered harmless error.

The trial court also improperly ruled that the cross-examination of defendant on a 1967 youthful offender adjudication and a 1970 conviction for petit larceny would be permitted on the ground that defendant's continued commission of crimes indicated that defendant was "the same individual that he was back in 1967 and 1970". This court has held that remote prior convic-

tions cannot be admitted for such a purpose (*People v Cooke*, 101 AD2d 983). The trial court thus abused its discretion in the *Sandoval* ruling, requiring a reversal of defendant's conviction and a new trial.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.