Hancock, Jr., J.
(dissenting). The conduct of the prosecutor, in our opinion, amounted to nothing less than a blatant and reprehensible misrepresentation with respect to Worley, deliberately made for the purpose of falsely assuring both the court and defense counsel that Worley was alive and might be called as a witness.
The prosecutor’s role differs from that of a lawyer representing a private client. He "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done” (Berger v United States, 295 US 78, 88). "He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones” (id.) (see also, Code of Professional Responsibility, EC 7-13; ABA Standards for Criminal Justice, *783 Prosecution Function, Standard 3-1.1). It is the prosecutor’s absolute "duty to correct what he knows to be false and elicit the truth” (People v Savvides, 1 NY2d 554, 557), for society gains "not only when the guilty are convicted but when criminal trials are fair” (Brady v Maryland, 373 US 83, 87).
By knowingly making a false statement of fact in violation of the Code of Professional Responsibility (see, DR 7-102 [A] [3], [5], [8]) and by deliberately continuing this fraud on the court and opposing counsel through evasive answers to both (see, DR 7-102 [B] [2]), the prosecutor induced defendant’s attorney to devise and execute a trial strategy based on a crucial circumstance which he knew did not exist — that the only eyewitness to the events prior to the stabbing of Horton was alive and available. It was not until the third day of the trial that Worley’s death was made known and defense counsel found that he had planned the defense, prepared for trial, and carried out the plan for trial based on a false premise. The extent of the damage done is unknowable. "We cannot speculate as to what strategy would have been utilized if [the witness’s] availability were made known, or whether it would have been successful. The issue does not turn on such considerations. A defendant should have the right fully, freely and properly to prepare his defense” (People v Jiminez, 79 AD2d 442, 445).
Egregious misconduct of this kind by the prosecutor " 'undermines confidence, not only in his profession, but in government and the very ideal of justice itself ” (Code of Professional Responsibility, EC 7-13, n 1, McKinney’s Cons Laws of NY, Book 29, Judiciary Law, pp 474-475), offends the dignity of the court and perverts the adversarial system. But worse, such behavior contradicts the purpose of the criminal justice system and deprives defendant of "a trial that could in any real sense be termed fair” (People v Savvides, 1 NY2d 554, 557, supra).
The conduct of the prosecutor warrants a reversal and a new trial.
Chief Judge Wachtler and Judges Simons, Kaye and Bellacosa concur; Judge Hancock, Jr., dissents and votes to reverse in an opinion in which Judges Alexander and Titone concur.
Order affirmed in a memorandum.