■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. TORTORICE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 12, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree (two counts).

On December 4, 1981, defendant, then 16 years old, engaged a 14-year-old girl in intercourse and then was found to have orally and anally sodomized her by what a jury determined to be forcible compulsion. Following the incident, the girl was taken to a hospital emergency room where she was examined and treated by Dr. Robert Athanasiou. While she was there, a number of photographs of her face, neck and breasts were taken by Investigator C. F. Tallman of the City of Watervliet

Police Department. Defendant freely admitted his sexual involvement with the girl on that evening, but stated that they engaged in a single act of consensual intercourse and he indicated that they had also engaged in intercourse about one month earlier. Defendant was indicted on charges of rape in the first degree and two counts of sodomy in the first degree. Initially, he pleaded guilty to the rape charge in full satisfaction of the indictment, but thereafter, he retained counsel and quickly moved to withdraw that plea. The motion was denied by County Court and defendant was sentenced to an indeterminate prison term of 6⅔ to 20 years. Upon appeal, this court found that the plea had been coerced and accordingly reversed (see, 93 AD2d 950). Thereafter, defendant was tried and convicted as charged. He was sentenced to a prison term of 6⅔ to 20 years on the rape conviction and terms of 5 to 15 years on each of the sodomy convictions, each term to be served consecutively to the others. This appeal followed.

The primary contentions of error advanced by defendant relate to the photographs taken by Tallman. Prints were obtained by defendant through discovery and allegedly became a significant part of the defense strategy due to the belief that they tended to negate the element of forcible compulsion. Defendant claims that these photographs formed the foundation of the proposed testimony of his expert witness, Dr. Jack N. P. Davies, who was to testify as to his opinion, based on the photographs, that the girl could not have been choked as she alleged. However, neither Athanasiou, a witness for the prosecution, nor Tallman, called as a witness by defendant, would respond affirmatively to inquiry as to whether the photographs fairly and accurately represented the appearance of the complainant on the night of the crimes and, accordingly, the photographs were not received in evidence. Although the negatives of these photographs were retained and we have been supplied with prints, the prints actually marked for identification at trial are unavailable. Defendant, contending that the prosecution was responsible for preservation of the missing prints, has moved in this court for summary reversal of the judgment of conviction. We conclude from our review of the record that this drastic remedy is unwarranted and deny defendant's motion.

Defendant next contends that the prosecutor denied him a fair trial by failing to disclose that the photographs did not fairly and accurately represent the complainant's injuries. We disagree. Initially, there is no evidence that the prosecution was aware of the importance of the photographs in the con-

text of defendant's trial strategy. In this connection, defendant's expert did not prepare a written report of his findings and defendant's attorney and medical expert did not review the photographs until the eve of trial. Further, defense counsel, although advising the prosecutor that his expert would testify contrary to Athanasiou, never disclosed the basis for this position. Significantly, defense counsel did not give any indication in his opening statement that there would be a defense, based upon the photographs, that no force was used. Moreover, it does not appear that the prosecutor was aware prior to trial that neither Athanasiou nor Tallman would be able to provide a foundation for admission of the photographs. Nor has there been any showing that defense counsel interviewed Tallman, Athanasiou or anyone else present at the time the photographs were taken for the purpose of ascertaining whether the photographs were accurate. Finally, the photographs were of sufficiently poor quality to place defendant on notice of the potential for difficulty with respect to their admission into evidence. Thus, defendant has not persuasively established prejudice requiring reversal of his conviction (cf., People v Halikias, 106 AD2d 811; People v Tempera, 94 AD2d 748; People v Bauer, 83 AD2d 869; People v Jiminez, 79 AD2d 442).

We also reject defendant's contention that County Court improperly restricted defense counsel's examination of Tallman and his efforts to provide a foundation for admission of the photographs. Tallman's definite testimony that the photographs were not fair and accurate representations, Athanasiou's testimony to the same effect and County Court's own view of the photographs support the determination that further questioning would not have been productive. The cases of People v Byrnes (33 NY2d 343, 347), Gallo v Supermarkets Gen. Corp. (112 AD2d 345, 348-349, lv denied 66 NY2d 605) and People v Millson (93 AD2d 899, 900), relied upon by defendant, do not compel a different result. In each of those cases, a witness did testify that the photographs were fair and accurate representations. We also agree that County Court properly denied admission of the photographs for lack of proper authentication (see, Moore v Leaseway Transp. Corp., 49 NY2d 720, 723; Richardson, Evidence § 137, at 109 [Prince 10th ed]). The business records exception to the hearsay rule (see, CPLR 4518 [a]) does not overcome any other exclusionary rule which might properly be invoked, such as the requirement that photographs be properly authenticated (see, Richardson, Evidence § 305, at 281 [Prince 10th ed]).

We find equally untenable defendant's contention that County Court improperly restricted the scope of his examination of the complainant concerning her prior sexual experience (see, CPL 60.42). The only evidence of the girl's prior sexual activity was defendant's testimony that he had intercourse with her approximately one month prior to the date of the crimes charged and an entry on the hospital emergency room record which alluded to a prior act of intercourse. Significantly, the author of the hospital entry could not be identified, and one of the nurses who took the complainant's case history testified that, upon inquiry, the girl stated that she had never had sexual intercourse before. Defendant's testimony was self-serving, wholly uncorroborated and contradicted by the complainant. Nevertheless, because consent was at issue, County Court permitted inquiry as to the complainant's prior sexual contact with defendant. The only limitation was that if she denied a prior act of intercourse with defendant, he would be bound by the response and the inquiry would be at an end. In so ruling, County Court acted well within its discretion to avoid harassment of the complainant and an aimless fishing expedition for evidence of prior sexuality (see, People v Westfall, 95 AD2d 581, 583; see also, People v Rockwell, 97 AD2d 853, 854).

Of the remaining contentions, the only one worthy of discussion is that the sentence was excessive. At the time of these crimes, defendant was only 16 years old and had no prior felony convictions. The penalty imposed was the equivalent of a sentence of 16⅔ to 50 years (see, Penal Law § 70.30 [1] [b]). Although there was sufficient evidence to support the jury's finding of guilt as a matter of law, the fact remains that the verdict turned on a fairly close credibility issue. The Legislature has granted this court the discretionary power to modify an unduly harsh or excessive sentence in the interest of justice (CPL 470.15 [6] [b]; 470.20 [6]). Under all of the circumstances, we view this as an appropriate case for the exercise of our discretion to modify the sentence so as to have the sentences run concurrently with one another (see, People v Danza, 127 AD2d 781, lv denied 69 NY2d 879; People v Cruickshank, 105 AD2d 325, affd 67 NY2d 625; People v Suhalla, 97 AD2d 857).

Motion for summary reversal denied.

Judgment modified, as a matter of discretion in the interest of justice, by directing that all of the sentences imposed upon defendant be concurrent sentences, and, as so modified, af-

firmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.