■ In the Matter of CARMEN J. LAMONDIE, Petitioner, v ROBERT G. MAIN, JR., as Franklin County Judge, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Franklin County on an indictment charging him with criminal sale of marihuana in the third degree and criminal sale of marihuana in the fourth degree.

Petitioner was indicted for the criminal sale of marihuana in the third and fourth degrees. At his ensuing trial, after the jury was sworn in and opening statements were made, the

prosecution called its first witness. In testifying, the witness referred to certain documents that had not been made available to petitioner's defense counsel. Defense counsel, claiming that this was in violation of a previous discovery order issued by County Court, moved to have the charges against petitioner dismissed or, alternatively, for an order precluding the witness from testifying. County Court denied the motion and instead declared a mistrial, *sua sponte.* Thereafter, the court ordered that a new trial be held. As a result, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking to prevent the scheduled retrial on the ground of double jeopardy.*

Upon a review of the principles governing cases of this nature, we are of the view that the petition should be granted. A defendant may not be put in jeopardy twice for the same offense (NY Const, art I, § 6; US Const 5th Amend; *see, People v Baptiste,* 72 NY2d 356, 359), and jeopardy attaches once a jury has been sworn in (CPL 40.30 [1] [b]). Here, County Court declared a mistrial without petitioner's consent. The court was, therefore, required to show that there was either a manifest necessity for its decision or that the ends of public justice would otherwise be defeated *(see, Arizona v Washington,* 434 US 497, 509; *People v Michael,* 48 NY2d 1, 9; *see also,* CPL 280.10 [3]). If the court considered other alternatives and the record shows a sufficient basis for the determination, the court's decision will not be disturbed *(see, Hall v Potoker,* 49 NY2d 501, 505). Upon our review of the record, we conclude that County Court did not meet these requirements. The court properly explored the alternatives proposed by defense counsel, but failed to consider other available alternatives, such as an adjournment or a continuance to provide defense counsel with an opportunity to examine the material. Since County Court acted abruptly without considering all of the available alternatives, retrial is barred *(see, Matter of Enright v Siedlecki,* 59 NY2d 195, 200).

Petition granted, without costs. Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

Kane, J. P., dissents and votes to dismiss in a memorandum. Kane, J. P., (dissenting). This petition should be dismissed, for prohibition does not lie. The record demonstrates that the relief petitioner sought in County Court was a motion to dismiss the indictment for the failure of the prosecution to

---

* It should be noted that prohibition is available to bar a retrial that would violate double jeopardy *(Hall v Potoker,* 49 NY2d 501, 505, n 1).

comply with the court's prior order to provide *Rosario* material. This motion was made in reliance upon the rules set forth in *People v Ranghelle* (69 NY2d 56; *see also, People v Halikias,* 106 AD2d 811). The relief sought was the relief obtained. In the first instance, County Court indicated that it would grant a continuance in order for petitioner to obtain and review the *Rosario* material, to which he was clearly entitled. Since this proffered relief was declined by petitioner's attorney, the court, applying the instructions contained in *People v Ranghelle (supra,* at 63), declared a mistrial and placed the matter as the first case on the calendar at the next term of County Court *(see,* CPL 280.10 [3]). This procedure, again in accordance with the rules established by *Ranghelle,* provided the "functional equivalent" of a reversal of a conviction and a direction for a new trial. If, after trial and conviction, there is to be a reversal and a new trial, simple logic compels the conclusion that the equivalent procedure should follow upon discovery of the failure to provide the required material during trial *(see, People v Ranghelle, supra,* at 63). Moreover, as provided by specific provisions of the Criminal Procedure Law, the ultimate result is a court-ordered direction for a new trial upon the same accusatory instrument *(see,* CPL 40.30 [3]). Obviously, the exceptions permitted by the above statutory provisions permitting reprosecutions are subject to constitutional limitations, but where, as here, the order of County Court made upon defendant's motion for dismissal being upon a question of law, and not factual in nature, any claim of double jeopardy is unavailing *(see, People v Kurtz,* 51 NY2d 380, 386, *cert denied* 451 US 911; *People v Key,* 45 NY2d 111, 120). Accordingly, in my view prohibition does not lie and the petition should be dismissed.