■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILTON LOPEZ, Appellant.—Judgment of the Supreme Court, Bronx County (Vincent Vitale, J.), rendered April 23, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to an indeterminate term of imprisonment of from 7 to 21 years, unanimously reversed, on the law, and a new trial ordered.

Defendant Lopez lived in a Bronx apartment with his wife, Martha Rivera-Lopez, and their six-year-old son. On the afternoon of February 6, 1989, defendant and his wife had an argument. A neighbor, Mona Lisa Smalls, testified at trial that she saw defendant kill his wife during the course of this argument by beating her and throwing her head against a wall. To the contrary, defendant's nephew, Peter Lopez, testified that Martha Rivera-Lopez's death was caused by falling over a bannister and down the stairs while chasing defendant after he walked out of the apartment.

Three days after the incident, defendant voluntarily entered the 42nd Precinct to explain the circumstances of his wife's death. After making a statement, defendant was immediately placed under arrest. A few hours later, an Assistant District Attorney arrived to videotape defendant's statement. Defendant again related his version of the events, essentially that his wife had fainted while on the stairs, not that she had fallen while chasing him.

Supreme Court conducted a pre-trial *Huntley* hearing to determine the admissibility of the videotaped statement, finding that it was not obtained in violation of defendant's constitutional rights. Nevertheless, the prosecutor promised defense counsel, on the record, that the videotape would be introduced only if defendant took the stand and testified to a different version of events. Notwithstanding this promise and defendant's exercise of his option to refrain from taking the stand, the prosecution was allowed to introduce the videotape at trial, ostensibly for the purpose of impeaching the testimony given by Peter Lopez. This was error.

A defendant must be accorded the opportunity to prepare a thorough defense *(People v Jiminez,* 79 AD2d 442, 445). In determining the strategy to be employed at trial, it is generally recognized that "the accused has the right to make an informed choice concerning the important determination as to whether he should take the stand" *(People v Oglesby,* 137

AD2d 840, 841-842; *People v Jiminez, supra,* at 445-446). That right was obviated when, despite defendant's informed decision not to testify, the prosecution was permitted to introduce his videotaped statement.

The promise made by the prosecution to defense counsel and to the court concerning the use of defendant's videotaped statement was, in essence, a promise to use it only in the manner prescribed for the use of illegally obtained statements. Moreover, while such a statement may be used to impeach a defendant's testimony *(People v Wise,* 46 NY2d 321, 328-329), it cannot be used to attack the credibility of a defense witness *(People v Young,* 109 AD2d 1015; *see also,* Richardson, Evidence § 501, at 486-487 [Prince 10th ed]). Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.