■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VERRIOS, Appellant.—Judgment of the Supreme Court, New York County, rendered October 15, 1976, upon defendant's plea of guilty to violation of probation and sentencing defendant to a term of 60 days' imprisonment and a new term of five years' probation, unanimously reversed, on the law, the sentence vacated and the case remanded for resentence. Defendant pleaded guilty to the crime of robbery in the third degree and was sentenced on October 9, 1974 to a term of probation for five years (Penal Law, § 65.00, subd 3, par [a], cl [i]) and a $2,000 fine (Penal Law, § 80.00), which he paid. Thereafter, in 1975 he was arrested on new criminal charges unrelated to the present case. On September 27, 1976, after a jury trial before another Judge, defendant was acquitted of all the new charges except one, which was dismissed. On October 15, 1976 defendant pleaded guilty to violation of a condition of his probation in failing to notify his probation officer that he had been arrested on the new criminal charges, whereupon the sentence imposed on October 9, 1974 was set aside and defendant resentenced to 60 days' imprisonment and five years' probation. Defendant had served seven days of his term before being admitted to bail. When the trial court revoked the sentence of probation imposed upon defendant, it determined by its act of revocation that a sentence of probation was no longer viable. A sentence of probation is a revocable disposition (CPL 410.70, subd 5; Penal Law,

§ 60.01, subd 2). A sentence of fine and probation is within that category (Penal Law, § 60.01, subd 2, par [c]) as is a sentence of 60 days and probation (Penal Law, § 60.01, subd 2, par [d]). When a sentence of probation, or a sentence which includes probation, is revoked, sentence must be imposed pursuant to subdivision 3 or 4 of section 60.01 of the Penal Law. But examination of these two subdivisions discloses that in no instance where sentence is imposed under said subdivisions after revocation of such prior sentence is there any provision for utilization of probation again. In fact, subdivision 4 states specifically, "In any case where a person has been sentenced to a period of probation or conditional discharge and a fine, if the part of the sentence that provides for probation or conditional discharge is revoked, the court must sentence such person to imprisonment." It would be incongruous to conclude that where probation in the first instance is discarded, the Legislature in mandating a term of imprisonment under subdivision 4 of section 60.01 of the Penal Law intended that a court could again add a term of probation. When probation is revoked, a term of imprisonment may be imposed consistent with the crime to which defendant pleaded guilty (Penal Law, § 70.00). Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.