■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VERRIOS, Appellant.—Judgment, Supreme Court, New York County, rendered January 27, 1978, resentencing defendant upon his guilty plea of robbery in the third degree to an intermittent term to be served on weekends for 10 months, modified, as a matter of discretion in the interest of justice, to reduce the sentence to an intermittent term to be served on weekends for three months, with appropriate credit for whatever time defendant may have already served, and otherwise affirmed. In October, 1974, the defendant was sentenced to five years' probation and a $2,000 fine following his plea of guilty to robbery in the third degree. Thereafter, in October, 1976, defendant pleaded guilty to violating a probation condition by failing to inform his probation officer of an arrest that ultimately resulted in his acquittal. Defendant's probation was revoked and he was resentenced to a term of 60 days and five years' probation. On appeal this court vacated the sentence and remanded the case for resentence. (People v Verrios, 60 AD2d 536.) We held that a sentence including probation may not lawfully be imposed following revocation of probation. On remand, the trial court

resentenced the defendant to an intermittent term to be served on weekends for 10 months. Preliminarily, defendant urges that the sentence here appealed from is also unauthorized, arguing that a sentence following revocation of probation must be pursuant to subdivisions 3 or 4 of section 60.01 of the Penal Law, and that an intermittent sentence is not authorized by either of those subdivisions. Although the issue is not free from doubt, we are of the view that subdivision 4 of section 60.01 of the Penal Law permits a sentence of intermittent imprisonment following revocation of probation. However, we agree with defendant's further contention that the sentence imposed on remand was excessive. We note that the Probation Department had been encouraged by the defendant's constructive response to his period of probation notwithstanding the violation noted above. Under all the circumstances we believe the sentence imposed is excessive and should be reduced to an intermittent term to be served on weekends for a period of three months, giving appropriate credit to whatever time defendant may have already served. Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.