■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. SUHALLA, JR., Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 1, 1982, upon a verdict convicting defendant of three counts of the crime of burglary in the second degree, one count of the crime of grand larceny in the second degree and two counts of the crime of petit larceny. On September 11, 1981, the 16-year-old defendant was indicted for his perpetration of two break-ins at the Westville Apartments in Guilderland during the early morning hours of September 1, 1981. Following a hearing, defendant's motion to suppress his oral and written statements was denied. He was subsequently convicted by a jury and sentenced to two consecutive terms of imprisonment of 1½ to 4½ years, one concurrent term of 1½ to 4½ years, one concurrent term of 1 to 4 years and two concurrent one-year terms of imprisonment. Defendant asserts that the police illegally obtained inculpatory statements from him by deliberately isolating him from his mother prior to questioning. He likens the procedure used to that denounced in *People v Bevilacqua* (45 NY2d 508) and *People v Townsend* (33 NY2d 37). In our view, the instant case is clearly distinguishable from *Bevilacqua* and *Townsend.* A view of the suppression hearing minutes confirms that defendant voluntarily accompanied Trooper Khachadourian to the State Police substation and, after being advised of his *Miranda* rights, he freely admitted his participation in the subject burglaries (see *People v Yanus,* 92 AD2d 674; *People v Hopkins,* 86 AD2d 937, affd 58 NY2d 1079). Contrary to defendant's argument, we cannot agree that Trooper Khachadourian engaged in a subterfuge to obtain these statements. The pertinent facts are that on September 3, 1981, Khachadourian spoke with defendant, who was not then the target of investigation, and his mother at their home concerning one Rob Adams who was suspected of neighborhood burglaries, Khachadourian advised Mrs. Suhalla that her son was not under arrest and that there was no reason why she could not go to Saratoga Springs later that evening as previously planned. Although Mrs. Suhalla testified that she had stated that she would like the assistance of an attorney if her son was in trouble, Trooper Khachadourian denied that she made this statement to him. Sometime after Khachadourian left the Suhalla household, Investigator Martin asked Khachadourian to request that defendant come into the station for questioning if he came in contact with defendant in the course of his patrol. It appears that Martin was privy to certain information concerning defendant's involvement in the subject burglaries, but did not convey this information to Khachadourian. Shortly

thereafter, Khachadourian had occasion to stop a vehicle, in which, by happenstance, defendant was a passenger. At this point, Khachadourian relayed Martin's request to defendant. When defendant asked why he was wanted for questioning, Khachadourian responded, "I don't know. I assume its regarding the Adams boy." There is nothing in the record to establish that Khachadourian had any further information at this time. Accordingly, we cannot agree that there was any preconceived scheme to isolate defendant from the assistance of his mother in an effort to obtain a confession (see *People v Fuschino,* 87 AD2d 716, 717, affd 59 NY2d 91). We further note that defendant's request at the substation to telephone his mother was not made until after his oral confession had already been given. Significantly, defendant was allowed to make the call. He was also allowed to telephone his brother prior to arraignment. That no one was home to answer the calls does not negate the fact that the opportunity to make them was accorded him. Under these circumstances, defendant was not denied his constitutionally guaranteed right to counsel and, therefore, the court's denial of his suppression motion should be sustained. More troubling is the length of defendant's term of imprisonment. As noted above, in sentencing defendant on three counts of burglary in the second degree, the trial court made two of the 1½ to 4½ year sentences imposed run consecutive to one another. All other sentences were made concurrent. The Legislature has granted this court the discretionary power to modify an unduly harsh or excessive sentence in the interests of justice (CPL 470.15, subd 6, par [b]; 470.20, subd 6) and we find this an appropriate case in which to do so. The Probation Department's presentence report reveals that defendant has no prior history of criminal arrests or convictions. The two burglaries at issue here occurred in the course of one night at a time when defendant was intoxicated and under the influence of an older boy, a codefendant. There is no evidence that defendant has been in any trouble with the police in the two years which have followed the burglaries. During this time, he has been on probation and attending high school where his grades and attitude have shown improvement in the interim period. Further, it was the recommendation of the probation officer who interviewed him that defendant should be sentenced to "a brief period of incarceration" prior to being placed on probation. Given the isolated nature of defendant's crimes and his behavior since he committed them, we find that defendant is not a danger to society and that a less severe sentence is indicated (see *People v Whiting,* 89 AD2d 694, 695; *People v Fuller,* 59 AD2d 971). Accordingly, in the exercise of our discretion and in the interest of justice, we hold that the sentences should be modified to the extent that all of the sentences imposed by County Court are to run concurrently. Judgment modified, as a matter of discretion in the interest of justice, by directing that all of the sentences imposed upon defendant be concurrent sentences, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll and Levine, JJ., concur.

Weiss, J., concurs in part and dissents in part in the following memorandum. Weiss, J. (concurring in part and dissenting in part). Although I concur with the majority's conclusion that defendant was not denied his constitutionally guaranteed right to counsel, I cannot agree that the facts warrant a less severe sentence. Defendant's contention that the court abused its discretion by imposing a sentence greater than that received by a codefendant who entered a plea of guilty is rejected. Given the *quid pro quo* of the plea bargaining process, it is to be anticipated that sentences rendered after trial may be more severe than those proposed in connection with a plea (*People v Pena,* 50 NY2d 400, 411-412, cert den 449 US 1087; see *People v Pepper,* 89 AD2d 714, 717-718, affd 59 NY2d 353). The sentence is well within the scope of the sentencing statute (Penal Law, § 70.00) and I observe no extraordinary circumstances sufficient to demonstrate an abuse of discretion (see *People v Miller,* 74 AD2d 961, applica-

tion for lv to app den 50 NY2d 1003), or warrant an exercise of this court's discretion in the interest of justice (CPL 470.15, subd 6, par [b]; 470.20, subd 6). Accordingly, the sentence should remain intact.