OPINION OF THE COURT
Seymour Rotker, J.
On January 14, 1983, the defendant, Carlos Rivera, pleaded guilty to grand larceny in the second degree before the Honorable Geraldine Eiber.
On February 23, 1983, he was sentenced to 16 weekends of imprisonment starting Friday, February 25, 1983, and terminating Sunday, June 12, 1983, and a five-year term of probation.
On or about May 26, 1983, a violation of probation hearing was held before the sentencing court. The court found that the defendant had missed several weekends of imprisonment.
On June 17, 1983, the defendant’s sentence was "vacated” and he was resentenced to 30 days in prison and a five-year term of probation. Said term was to expire on June 17, 1988.
On or about March 20, 1984, the Department of Probation again filed specifications of alleged violation with the court. On May 8, 1984, the defendant failed to appear before the court and a bench warrant was issued for his arrest.
On April 23, 1985, this court ordered that the defendant[1] be declared delinquent pursuant to Penal Law § 65.12 (2) and CPL 410.30 pending final determination of charges at a violation of probation hearing.
*327 On or about June 7, 1985, the defendant was charged with a violation of probation alleging his failure to report to his probation officer "on 2/6/84; 2/14/84; 2/20/84; 3/5/84; 3/12/ 84 or thereafter”, and further alleging he had "moved his address of record without departmental knowledge or approval”; the defendant surrendered on June 24, 1985.
Other specifications were withdrawn by the Probation Department prior to the hearing conducted on September 26, 1985, before this court.
At the hearing Joel Zeltzer, a probation officer, testified and I find his testimony credible.
The court finds that the probationer, after being duly notified, failed to report to his probation officer in accordance with his obligations as a probationer and he changed his residence address without notifying the Department of Probation.
The defendant, in a memorandum of law, contends that the second revocable sentence imposed on defendant was illegal and unconstitutional; and the resentence was in violation of the statutory provisions authorizing revocable sentences.
The Probation Department contends that as the defendant’s probation sentence does not expire until June 17, 1988, the court has jurisdiction to act upon the alleged violation of probation and to determine whether the sentence should be revoked.
They further contend that neither the 5th Amendment guarantee against double jeopardy nor the equal protection clause imposes an absolute bar to a more severe sentence upon revocation providing that punishment already exacted be fully credited upon resentencing.
THE LAW
When the defendant’s sentence of February 23, 1983 (16 weekends of imprisonment starting Friday, Feb. 25, 1983, and terminating Sunday, June 12, 1983, and a five-year period of probation) was "vacated” and he was sentenced to 30 days’ imprisonment and probation for five years, Penal Law § 60.01 controlled revocable dispositions.[2]
Penal Law § 60.01 states in pertinent part:
"2. Revocable dispositions.
*328 "(a) The court may impose a revocable sentence as herein specified * * *
"(ii) the court, where authorized by article eighty five may sentence a person to a term of intermittent imprisonment as provided in that article.
"3. Other dispositions * * * when a sentence specified in subdivision two is revoked, the sentence of the court must be as follows:
"(a) A term of imprisonment * * * or "(b) A fine * * * or
"(c) Both imprisonment and a fine * * * or "(d) * * * unconditional discharge * * *
"4. In any case where a person has been sentenced to a period of probation or conditional discharge and a fine, if the part of the sentence that provides for probation or conditional discharge is revoked, the court must sentence such person to imprisonment.”
A sentence of probation is a revocable sentence (CPL 410.70 [5]; Penal Law § 60.01 [2]). When the sentencing court "vacated” the sentence of probation, it determined that a sentence of probation was no longer viable. In no instance, where sentence is imposed under Penal Law § 60.01 (3) or (4) after revocation of such prior sentence is there any provision for probation again. (People v Verrios, 60 AD2d 536.)
The court notes that sentence in the court file states "6/17/ 83 Sentence of 2/23/83 vacated. Resentenced 30 days NYCCI. Probation 5 years, $100 restitution.”
Black’s Law Dictionary (rev 4th ed) defines revoke as to annul; or make void by recalling; or taking back; cancel; rescind, repeal, reverse.
Vacate is defined as to annul; to set aside; to cancel or rescind; to render an act void; as to vacate an entry of record, or a judgment.
In this decision, the court finds the words revoke and vacate are synonymous as expressed in the statute and in the court file.
Based on the above, the court finds that when the defendant was resentenced to 30 days in prison and probation, the imposition of probation was not allowable at that time (Penal Law § 60.01).
As a matter of law, as the prior sentence of probation was revoked by the resentencing of defendant to 30 days in jail, *329 there is no longer a probationary term pending against this defendant.
Accordingly, as a matter of law, the defendant is discharged from probation (see, Penal Law former § 60.01).

. The matter was referred to this court as Justice Eiber is now on the Appellate Division, Second Department, Bench.

. Penal Law § 60.01 (3) (e) and (4) (eff Nov. 1, 1984) now allow a sentence of imprisonment and probation after revocation of a sentence of imprisonment and probation.