■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. PICKETT, Appellant.—Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered February 8, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant contends that County Court abused its discretion in sentencing him to two consecutive terms of imprisonment of 2 to 6 years upon the revocation of his probation. Noting that the terms of probation were concurrent, defendant argues that in making the terms of imprisonment consecutive, County Court was acting inconsistently. We disagree. Defendant originally pleaded guilty to burglary in the third degree and attempted burglary in the second degree in satisfaction of two separate indictments. County Court sentenced him to separate five-year terms of probation which, pursuant to Penal Law § 65.15 (1), had to run concurrently. Once probation was revoked, however, County Court was free to impose terms of imprisonment "consistent with the crime[s] to which defendant pleaded guilty" (People v Verrios, 60 AD2d 536, 537; see, CPL 410.70 [5]). In this case, given that the crimes at issue were separate and distinct, County Court could impose consecutive sentences (see, Penal Law § 70.25).

Defendant was found to have violated various terms of his probation, including failing to maintain contact with and supply required information to the Probation Department, failing to make required restitution payments and failing to cooperate in a mental health counseling program. In addition, defendant's pleas were accepted in full satisfaction of four-

count and three-count indictments, and the sentences imposed by County Court were less than the harshest possible for the crimes to which defendant pleaded guilty. Given these facts, we find no reason to disturb the sentence imposed by County Court *(see, People v Nazarian,* 150 AD2d 923, 924, *lv denied* 74 NY2d 744; *People v Smith,* 136 AD2d 867, *lv denied* 71 NY2d 1033).

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.