■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MILES, Appellant. [596 NYS2d 482] —Appeal from a judgment of the County Court of Broome County (Mathews,

J.), rendered August 3, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was originally sentenced to time served and five years' probation following his conviction of criminal possession of a forged instrument in the second degree. Defendant contends on this appeal that the prison sentence of 1½ to 7 years that he received after violating his probation was harsh and excessive and violative of his constitutional right not to be subjected to double jeopardy. We find defendant's double jeopardy argument to be totally without merit. The case of *North Carolina v Pearce* (395 US 711), upon which defendant relies, prohibits a more severe sentence upon retrial unless the enhanced sentence is based upon information revealed since the first sentencing *(supra; see, People v Van Pelt,* 76 NY2d 156). *Pearce* is inapplicable where, as here, defendant admitted to having violated his probation. Once he was found to have violated probation, County Court was free to impose terms of imprisonment "consistent with the crime[s] to which defendant pleaded guilty" *(People v Verrios,* 60 AD2d 536, 537; *see,* CPL 410.70 [5]).

Defendant admitted that he was charged with new crimes and had gone outside Broome County without authorization in violation of the conditions of his probation. Further, he pleaded guilty to the violation of probation knowing that he would receive the sentence ultimately imposed by County Court, which was less than the harshest possible sentence. In light of these facts, we find no basis to disturb the sentence imposed by County Court *(see, People v Battaglia,* 179 AD2d 841, *lv denied* 79 NY2d 943; *People v Maye,* 143 AD2d 483, *lv denied* 73 NY2d 788).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.