■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD OATHOUT, Appellant. [688 NYS2d 731] —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 26, 1998, which resentenced defendant following revocation of his probation.

Following a jury trial, defendant was found guilty of two counts of the crime of endangering the welfare of a child and thereafter pleaded guilty to the two counts of sexual abuse in the first degree upon which the jury had been unable to reach a verdict. Defendant then was sentenced to five years' probation, the terms of which included, *inter alia*, that he not have contact with the victims—his daughters—and that he not leave Sullivan County without the permission of County Court or his probation officer. In September 1997, following a hearing, County Court found that defendant had violated the aforementioned conditions. It therefore revoked defendant's probation and imposed consecutive prison sentences of 2⅓ to 7 years on each felony count and one year on each misdemeanor count, the misdemeanor sentences to run concurrently with each other and the felony sentences.* Defendant appeals.

Initially, we reject defendant's assertion that County Court imposed an enhanced sentence upon him in retaliation for his exercise of his right to a probation violation hearing. As a review of the sentencing transcript indicates that the court

---

* In January 1998, at the request of the Department of Correctional Services, defendant was resentenced on the violent felonies to consecutive terms of 3½ to 7 years on each count in accordance with Penal Law § 70.02 (4). In January 1999, upon motion of defendant, County Court realized that the crimes occurred prior to the statutory amendment and reimposed its original sentence. Accordingly, both parties agree that defendant's contention regarding the illegality of the January 1998 sentence has now been rendered moot and need not be addressed.

considered the relevant factors (*see, People v Farrar*, 52 NY2d 302, 305) prior to imposing terms of imprisonment, which were consistent with the crimes to which defendant pleaded guilty (*see, People v Miles*, 192 AD2d 781, 782, *lv denied* 82 NY2d 723; *People v Verrios*, 60 AD2d 536, 537), we find this argument to be unsupported by the record. We similarly are unpersuaded by defendant's contention that the court's imposition of consecutive prison terms of 2⅓ to 7 years on each felony count was harsh and excessive and, accordingly, we decline to disturb the sentences (*see, People v Archer*, 232 AD2d 820, 822, *lv denied* 90 NY2d 938; *People v Moon*, 225 AD2d 826, 828, *lv denied* 88 NY2d 939).

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.