■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. KEARNS, Appellant. [886 NYS2d 779]—

Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered July 1, 2008, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (eight counts).

Defendant entered a private residence in Columbia County on eight different occasions in June and July 2007 and took money. As a result, he was charged with eight counts of burglary in the second degree. Defendant pleaded guilty to all of the charges. Although no specific sentence was promised as part of the plea agreement, defendant was advised of the maximum sentence that could be imposed. He was subsequently sentenced to an aggregate term of 14 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.

Defendant's sole argument is that the sentence imposed is harsh and excessive. Based on our review of the record, we agree. Defendant has a minimal criminal history, consisting of a few minor drug and weapons convictions, and the crimes at issue do not appear to be part of an ongoing course of criminal conduct. Rather, the crimes at issue were apparently fueled by defendant's need for cash to support a drug habit, and he entered the subject residence by use of a key he obtained when he worked for the victims. Notably, defendant did not carry a weapon nor exhibit violent behavior while carrying out the crimes, but slipped into the home while the victims were asleep. In view of the circumstances, and considering the lengthy sentence imposed by County Court for the type of criminal conduct at issue, we choose to exercise our interest of justice jurisdiction and reduce the sentence accordingly (*see* CPL 470.15 [6] [b]; *see e.g. People v Suhalla*, 97 AD2d 857, 858 [1983]; *compare People v Colantonio*, 277 AD2d 498, 501 [2000], *lv denied* 96 NY2d 781 [2001]). Therefore, the sentence imposed for burglary in the second degree under count four of the indictment shall run concurrently with the sentences imposed for burglary in the second degree under counts one, two, and three of the indictment, instead of consecutively, and the sentences for the remaining counts shall remain unaffected so that the aggregate term of imprisonment imposed upon defendant is 10½ years, to be followed by five years of postrelease supervision.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentence for burglary in the second degree under count four of the indictment shall run concurrently with the sentences for burglary in the second degree under counts one, two, and three of the indictment, and, as so modified, affirmed.