Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 13, 2016                107551
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                 MEMORANDUM AND ORDER

MICHAEL MAHL,
                        Appellant.
_____


Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ.


                    _____


        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.


                    _____


Aarons, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered March 11, 2015, which revoked
defendant's probation and imposed a sentence of imprisonment.

        Defendant, then 21 years old, left a party where he
ingested drugs and alcohol and proceeded to enter a school
building in Oneida County late at night with more than 60 other
individuals from the party.  While the group was inside, locks
were super-glued, walls were spray-painted and water fountains
and surveillance cameras were damaged.  Defendant returned to the
school for a second time with others and, this time, computers
and projection screens were taken.  Defendant subsequently waived
indictment and agreed to be prosecuted by a superior court
information charging him with various crimes, including burglary

in the third degree.  In satisfaction thereof, he pleaded guilty to this crime and waived his right to appeal.  In accordance with the plea agreement, he was sentenced by Oneida County Court to five years of probation.[1]

Defendant's probation was subsequently transferred to Warren County and he was charged with violating its terms by failing to complete a mandatory substance abuse evaluation and using drugs and alcohol.  Warren County Court told defendant that a prison sentence of 2⅓ to 7 years could be imposed.  Defendant, however, admitted to these violations and, in return, Warren County Court continued his probation upon the additional condition that he participate in treatment court, recognizing that he could benefit from such treatment.  Warren County Court further warned defendant that any violation of the probation conditions could result in a prison sentence.  Within four months, defendant, against the advice of staff, left the program that was part of treatment court and was again charged with violating his probation.  As a result, his probation was revoked and he was resentenced to 2 to 6 years in prison.  Defendant now appeals.

Defendant's sole contention is that the resentence is harsh and excessive.[2]  We disagree.  Notwithstanding his young age and lack of an extensive criminal record, defendant has a serious drug and alcohol problem.  Defendant was afforded an opportunity to avoid a period of incarceration, but he has nevertheless exhibited a repeated unwillingness to comply with the terms of

---

[1]  The first six months were to be served in the Oneida County jail, but defendant was serving time on a prior probation violation, to which the sentence was to run concurrently, and he was sentenced to time served on the jail portion of the sentence.

[2]  We note that defendant is not precluded from raising this claim by the waiver of the right to appeal that he entered in connection with his original guilty plea (see People v Vallance, 137 AD3d 1327, 1327-1328 [2016]; People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]).

his probation despite being notified of the potential consequences of defying such terms. Therefore, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]; People v Miller, 113 AD3d 935, 936 [2014], lv denied 22 NY3d 1201 [2014]; People v Dowling, 92 AD3d 1034, 1035 [2012], lv denied 18 NY3d 993 [2012]).

Peters, P.J., and Egan Jr., J., concur.


Garry, J. (dissenting).

We respectfully dissent. Defendant's initial admissions, in the course of his October 2013 plea, describe his participation in what can only be considered a melee, in which he engaged with a very large group of other individuals in a spree of vandalism in the local school building. In describing his activities that night, defendant stated that he was drawn to the event as he had heard that the plan was to "put goats in the principal's office." As the events unfolded, there were apparently no goats, but, instead, a great deal of destruction and theft of school property. Although the plea bargain was for a prison term of 1 to 3 years, Oneida County Court, which might reasonably have been expected to be fully familiar with other proceedings involving defendants with charges related to the melee, subsequently imposed a significantly lesser sanction, amounting to a sentence of time served with five years of probation and restitution.

Defendant was intoxicated at the time of his crime. He has acknowledged that this does not excuse his actions that evening. We agree with the majority that the record reveals that he continues to suffer from a substance abuse problem, which he has failed to address despite several opportunities. He admitted to violating the terms of his probation by drinking beer and using marihuana while attending two rock concerts in August 2014. He was then directed to undergo inpatient treatment, but failed to remain at the treatment facility, even when given a second

opportunity to comply. In light of these violations, Warren County Court, to which defendant's probation was transferred, was permitted to impose a term of incarceration greater than that initially promised in the plea bargain (see CPL 410.70 [5]; People v Miles, 192 AD2d 781, 782 [1993], lv denied 82 NY2d 723 [1993]).

However, and in our view significantly, defendant's violations are solely and entirely related and confined to his substance abuse issues. There has been no evidence of any criminal conduct since the initial school vandalism, and there has been no reported violence, theft or misconduct directed at any other individual since the date of defendant's initial crime and plea. In the complete absence of evidence of criminal conduct beyond defendant's abuse of alcohol and marihuana, and in light of his age and circumstances, we find the prison sentence of 2 to 6 years to be unduly harsh and excessive (see People v Kearns, 66 AD3d 1084, 1085 [2009]; People v Robinson, 258 AD2d 817, 818 [1999], lv denied 93 NY2d 978 [1999]). Accordingly, we would modify the judgment of conviction by imposing a prison sentence of 1 to 3 years in accord with the terms of defendant's plea.

Mulvey, J., concurs.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court