Garry, J.
(dissenting). We respectfully dissent. Defendant’s initial admissions, in the course of his October 2013 plea, describe his participation in what can only be considered a melee, in which he engaged with a very large group of other individuals in a spree of vandalism in the local school building. In describing his activities that night, defendant stated that he was drawn to the event as he had heard that the plan was to “put goats in the principal’s office.” As the events unfolded, there were apparently no goats, but, instead, a great deal of destruction and theft of school property. Although the plea bargain was for a prison term of 1 to 3 years, Oneida County Court, which might reasonably have been expected to be fully familiar with other proceedings involving defendants with charges related to the melee, subsequently imposed a significantly lesser sanction, amounting to a sentence of time served with five years of probation and restitution.
Defendant was intoxicated at the time of his crime. He has acknowledged that this does not excuse his actions that evening. We agree with the majority that the record reveals that he continues to suffer from a substance abuse problem, which he has failed to address despite several opportunities. He admitted to violating the terms of his probation by drinking beer and using marihuana while attending two rock concerts in August 2014. He was then directed to undergo inpatient treatment, but failed to remain at the treatment facility, even when given a second opportunity to comply. In light of these violations, Warren County Court, to which defendant’s proba *1044 tion was transferred, was permitted to impose a term of incarceration greater than that initially promised in the plea bargain (see CPL 410.70 [5]; People v Miles, 192 AD2d 781, 782 [1993], lv denied 82 NY2d 723 [1993]).
However, and in our view significantly, defendant’s violations are solely and entirely related and confined to his substance abuse issues. There has been no evidence of any criminal conduct since the initial school vandalism, and there has been no reported violence, theft or misconduct directed at any other individual since the date of defendant’s initial crime and plea. In the complete absence of evidence of criminal conduct beyond defendant’s abuse of alcohol and marihuana, and in light of his age and circumstances, we find the prison sentence of 2 to 6 years to be unduly harsh and excessive (see People v Kearns, 66 AD3d 1084, 1085 [2009]; People v Robinson, 258 AD2d 817, 818 [1999], lv denied 93 NY2d 978 [1999]). Accordingly, we would modify the judgment of conviction by imposing a prison sentence of 1 to 3 years in accord with the terms of defendant’s plea.