March 10, 1994

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. MAY, Appellant. [609 NYS2d 869] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 4, 1992, which resentenced defendant following his conviction of the crimes of rape in the second degree (two counts) and incest.

Defendant was convicted in 1990 upon a plea of guilty to two counts of rape in the second degree and incest. The plea was accepted in full satisfaction of a 23-count indictment with an agreed-upon sentence. On January 9, 1991, after receipt of a presentence report, defendant was sentenced to two prison terms of 3 to 6 years and one prison term of 2 to 4 years, all to run consecutively.

On appeal, this Court modified the judgment by vacating the sentence imposed and remitted the matter for the filing of a predicate felony information and resentencing (180 AD2d 974). Defendant was resentenced on March 4, 1992 to the same sentence as previously imposed.

Defendant's contention that the North Carolina conviction utilized to enhance his sentence does not qualify as a predicate felony under New York law has not been preserved for our review as defendant did not raise the issue before County Court (see, People v Barton, 166 AD2d 807, lv denied 76 NY2d 1019). Likewise, defendant failed to object to the failure of County Court to order an updated presentence report or to move to vacate the resentence and, thus, failed to preserve the issue for appellate review (see, People v Schneider, 188 AD2d 754, lv denied 81 NY2d 892).

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the judgment is affirmed.