■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM MOON, Appellant. [639 NYS2d 155] —Peters, J.

On June 11, 1992, defendant pleaded guilty to all three counts of an indictment charging him with sexual abuse in the first degree in violation of Penal Law § 130.65 (3). The victim was his own daughter who, at the time of the plea, was only nine years old. Defendant was sentenced to six months in jail and five years' probation. Orders and conditions of probation were set by the court which required, in addition to general conditions, that defendant attend and participate in a sexual offenders group and/or counseling. He was further prohibited from any unsupervised contact with children under the age of 17.

On June 24, 1994, the Broome County Probation Department filed a violation report alleging that defendant had violated various terms of the order and conditions of probation. Pursuant to a plea agreement, defendant appeared again before County Court on January 26, 1995. At that time, represented by counsel, defendant pleaded guilty to a violation of probation upon his understanding, placed upon the record, that his sentence would not exceed 2 to 6 years in prison. He admitted that he violated the terms of his probation when he had unsupervised contact with children under the age of 17 years and when he refused a request by the Texas Probation Department to take a regular polygraph test. Upon acceptance of the plea, County Court immediately proceeded to sentencing. No request for an adjournment or an updated presentence report was made by defendant or his counsel and, when asked if defendant wanted to be heard before sentence was imposed, defendant declined the offer.

On this appeal, defendant contends that his refusal to submit to a polygraph test was not a sufficient basis upon which to ground a probation violation, and that County Court erred in failing to order an updated presentence report prior to sentencing. He further claims various constitutional infirmities relating to a failure to give him proper notice of the alleged acts which constituted the basis of his probation violation, as well as a failure to provide him with a written statement explaining why his probation was being revoked. Finally, defendant contends that the sentence imposed was harsh and excessive.

Mindful that defendant has wholly failed to move to set aside (CPL 440.20) or to modify (CPL 410.20) the original sentence and/or the conditions of probation, including those levied upon him by the Texas Probation Department, we find his challenge to the request to submit to a polygraph examination unpreserved for review (*see, People v Martin*, 50 NY2d 1029). Defendant's challenge to County Court's decision to sentence

him without an updated presentence report is also unpreserved (*see, People v Schneider,* 188 AD2d 754, *lv denied* 81 NY2d 892). Were we to consider this challenge, we would find no abuse of discretion (*see, People v Kuey,* 83 NY2d 278; *People v Schalk,* 198 AD2d 915, *lv denied* 82 NY2d 930) since neither defendant nor his attorney so requested such report and, in fact, consented to the court's proceeding immediately to sentence.

The record further presents no constitutional error. During the probation revocation proceedings, County Court adequately reviewed with defendant all the conditions of probation which he allegedly violated, thereby ensuring that defendant's admission thereto was adequate and that his conduct constituted a sufficient basis for incarceration (*see, People v McCloud,* 205 AD2d 1024, *lv denied* 86 NY2d 738). Finally, we do not agree that County Court's sentence was harsh and excessive. Given defendant's criminal conduct and his violation of probation, we find it quite appropriate (*see, People v Miles,* 192 AD2d 781, *lv denied* 82 NY2d 723; *People v Greenwood,* 188 AD2d 738; *People v Battaglia,* 179 AD2d 841, *lv denied* 79 NY2d 943).

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.