■ The People of the State of New York, Respondent, v Franz Wingenter, Appellant. [690 NYS2d 312] —Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 4, 1998, which revoked defendant's probation and imposed a term of imprisonment.

In December 1996, defendant was convicted upon his plea of guilty of the crime of criminal mischief in the third degree arising out of a confrontation with his girlfriend in the course of which he assaulted her and damaged her car and apartment. Defendant was sentenced to a term of five years' probation and payment of restitution. In April 1998, a violation of probation report was filed against defendant, charging that he had violated the terms of his probation based upon his conviction of the crime of driving while intoxicated in July 1997, together with his failure to attend an anti-violence workshop, his failure to participate in alcohol abuse evaluation and treatment, and his failure to pay the full amount of court-ordered restitution. Defendant was thereafter sentenced to a prison term of 1 to 3 years.

Defendant now appeals, contending that County Court erred by neglecting to order an updated presentence report. We disagree. Initially, we note that defense counsel did not request a second presentence report and his assertion, raised for the first time at sentencing, that a second presentence investigation "might be very helpful", hardly suffices in that regard. Hence, this issue has not been preserved for our review (*see, People v Moon*, 225 AD2d 826, 827-828, *lv denied* 88 NY2d 939).

Were we to consider this contention, we would find no error in resentencing defendant without a second presentence report. Whether to obtain an updated presentence report prior to resentencing lies within the discretion of the sentencing court (*see, People v Kuey*, 83 NY2d 278, 282) and generally is not required when other sources of information suffice to inform the court of any intervening changes in the defendant's status (*see, People v Goon*, 124 AD2d 347, 348, *lv denied* 69 NY2d 711). Here, the original presentence report was approximately 20 months old at the time of the probation revocation hearing, and County Court was brought up to date regarding the relevant events that had occurred in the intervening months by conducting an evidentiary hearing where testimony was elicited from defendant and his probation officer. County Court also had the benefit of a "Uniform Violation of Probation Report" from the Tompkins County and Westchester County Probation Departments, which has been held to be the functional equivalent of an updated probation report (*see, id.*, at 348). Given the unrebutted evidence that defendant failed to abide by the conditions of his probation, we find no reason to disturb the sentence imposed by County Court.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.