■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY M. OESER, Appellant. [721 NYS2d 147] —Rose, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered October 18, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

In April 1996, defendant pleaded guilty to charges of driving while intoxicated as a felony and second degree aggravated

unlicensed operation of a motor vehicle. In addition to a fine, defendant was sentenced to six months in jail and five years' probation. Thereafter, in February 1999, a petition (hereinafter the first petition) was filed alleging that defendant had violated terms of his probation concerning his abstinence from alcohol and marihuana. Defendant agreed to admit to the allegations contained in a portion of the first petition in exchange for receiving a sentence of continued probation with the addition of a condition requiring his attendance at and completion of an inpatient alcohol treatment program. The proceeding was then adjourned.

In August 1999, County Court sentenced defendant to continued probation instead of a prison sentence, despite the People's recommendation of a term of imprisonment, based on the earlier plea agreement and defendant's intervening completion of the inpatient treatment program. A second violation of probation petition (hereinafter the second petition), dated the same day as the sentencing on the first petition, was then filed with County Court. Defendant subsequently admitted that he again violated two conditions requiring his abstinence from alcohol and marihuana following his completion of the treatment program. In October 1999, County Court revoked his probation and sentenced him to 1 to 3 years in prison. Defendant appeals.

Defendant contends that his due process rights were violated because the procedure mandated by CPL 410.70 (2)* was not complied with in that the statements filed by defendant's probation officer, which alleged that defendant violated the terms and conditions of his probation, were conclusory and did not describe the time, place and manner of the alleged violations. Initially, we find that defendant's challenge to the procedural requirements of CPL 410.70 (2) has not been preserved for appellate review because defendant failed to move to vacate the judgment pursuant to CPL 440.10 (*see, People v Pellegrino*, 60 NY2d 636; *People v Moon*, 225 AD2d 826, 827, *lv denied* 88 NY2d 939). Were this Court to consider the issue, we would find that any deficiency in specifying the time and place of defendant's alleged consumption of alcohol and marihuana was obviated by defendant's knowing and vol-

---

* CPL 410.70 (2) provides as follows: "The court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred. The defendant must appear before the court and the court must advise him of the contents of the statement and furnish him with a copy thereof."

untary admission that he violated the conditions, as cited in the second petition, in May 1999 (*see, People v Harris*, 61 NY2d 9, 20).

This Court is also unpersuaded by defendant's contention that the filing of the second petition demonstrates that it was vindictive, selective and in retaliation for the probation officer's inability to obtain a period of incarceration upon disposition of the first petition. Significantly, in the course of the proceedings on the first petition, it was alleged, and defense counsel acknowledged the allegation, that defendant had again violated his probation following the filing of the first petition and after his completion of the treatment program. This was sufficient support for the filing of the second petition and does not manifest a vindictive or retaliatory animus.

Defendant's remaining arguments have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.