■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE R. THOMAS, Appellant. [724 NYS2d 364] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 28, 2000, which resentenced defendant following his conviction of the crime of attempted assault in the second degree.

Upon appeal of defendant's conviction of two counts of the crime of assault in the second degree, this Court modified the judgment by reducing the conviction pertaining to one of the counts to attempted assault in the second degree and remitted the matter to County Court for resentencing (274 AD2d 761, *lv denied* 95 NY2d 939). Defendant was resentenced as a second felony offender to a prison term of 2 to 4 years to run consecutive to the sentence he is already serving for assault in the second degree. Defendant appeals and we affirm.

Initially, we reject defendant's argument that County Court impermissibly resentenced defendant without first obtaining an updated presentence investigation report. It is within the

discretion of the sentencing court whether to obtain an updated presentence report at resentencing (*see, People v Kuey*, 83 NY2d 278, 282) and is generally not required when, as here, the court inquired about intervening changes in the defendant's history and satisfied itself that there were none (*see, People v Goon*, 124 AD2d 347, *lv denied* 69 NY2d 711). In view of the fact that defendant had been continuously incarcerated since the time of his original sentence, we find no abuse of discretion in County Court's determination not to obtain an updated report (*see, People v Kuey, supra*).

Secondly, we reject defendant's contention that the sentence imposed was a "vindictive" penalty for his behavior at the initial sentencing hearing and/or for having taken an appeal since the sentence imposed was not enhanced but diminished (*see, People v Young*, 94 NY2d 171). Finally, we are unpersuaded that the sentence imposed was harsh or excessive and, in the absence of extraordinary circumstances warranting a modification thereof, we decline to disturb it (*see, People v Smith*, 276 AD2d 833).

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.