■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELICIA OLIVETT, Appellant. [753 NYS2d 405] —Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered April 9, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was serving a five-year term of probation following her 1998 conviction of the crime of forgery in the second degree when she was charged with violating the terms of her probation based upon her failure on 42 separate occasions to keep appointments with her probation officer or to check in by

telephone. Pursuant to the terms of a plea bargain agreement, defendant pleaded guilty to violating the terms of her probation and was sentenced to one year in jail.

On this appeal, defendant contends that County Court's failure to order an update of her September 1998 presentence report prior to sentencing constitutes reversible error. Due to defendant's failure to make an appropriate objection at the resentencing hearing or to file a motion to vacate the resentencing, this claim has not been preserved for our review (*see People v May*, 202 AD2d 755, *lv denied* 84 NY2d 874; *People v Colon*, 202 AD2d 710, 711, *lv denied* 83 NY2d 870). In any event, it is evident from County Court's detailed articulation of defendant's history at the resentencing hearing that the court was fully aware of the relevant events of her record that had taken place since the 1998 presentence report was written.

We are unpersuaded by defendant's contention that the one-year jail term imposed by County Court should be reduced. Given defendant's demonstrated inability to abide by the conditions of probation, this sentence of incarceration, which is well within the statutory range, was not harsh or excessive nor does the record disclose any extraordinary circumstances warranting our intervention (*see People v Barkley*, 289 AD2d 880; *People v Medinilla*, 279 AD2d 891, *lv denied* 96 NY2d 803).

Mercure, J.P., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.