■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN M. HOGENCAMP, Appellant. [774 NYS2d 450]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 13, 2003, which resentenced defendant following his conviction of the crime of assault in the second degree.

Following defendant's conviction of assault in the second degree based on his attack of a fellow inmate, he was sentenced on February 26, 2001 to seven years in prison. On appeal and reargument, this Court vacated the sentence and remitted the matter to County Court for resentencing (300 AD2d 734 [2002]), because the sentence was based upon a prior conviction for burglary which was subsequently reversed (295 AD2d 808 [2002]). On January 13, 2003, defendant was resentenced to the maximum prison term of seven years. Defendant appeals, contending that County Court erred in imposing this sentence without an updated presentence investigation report and that the sentence imposed was harsh and excessive.

Whether to obtain an updated presentence report is a matter resting within the discretion of the sentencing court (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]; *People v Thomas*, 283 AD2d 724 [2001]). Here, inasmuch as defendant had been continually incarcerated from the time of the initial presentence report and he informed County Court of subsequent changes in his conduct and health, we are unpersuaded by defendant's contention that the court abused its discretion in failing to obtain an updated presentence investigation report (*see People v Thomas, supra* at 725; *People v Richards*, 266 AD2d 714, 716 [1999], *lv denied* 94 NY2d 924 [2000]). Furthermore, we reject defendant's assertion that the court, after consideration of defendant's extensive criminal history and conduct while incarcerated, abused its discretion in imposing the maximum sentence (*see People v Torra*, 309 AD2d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.