■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. PETERSON, Appellant. [776 NYS2d 376]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 10, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

While serving a five-year term of probation following his conviction of criminal possession of a controlled substance in the fourth degree, defendant was arrested, charged and pleaded guilty to another drug-related crime. As a result of the new arrest, defendant was charged with violating the terms of his probation. In exchange for pleading guilty to violating the terms of his probation, defendant's probation was revoked and he received an agreed-upon sentence of 3 to 9 years in prison. Defendant appeals, contending that County Court erred in sentencing him without an updated presentence investigation report.

Having failed to make the appropriate objections at the resentencing or to file a motion to vacate the resentencing, this issue has not been preserved for our review (*see People v Olivett*, 301 AD2d 968, 969 [2003]; *People v Defayette*, 241 AD2d 761, 762 [1997], *lv denied* 90 NY2d 939 [1997]). In any event, were we to consider the issue, we would find no abuse of discretion. Only eight months elapsed from defendant's probationary sentence to his new arrest, after which defendant remained incarcerated until he was resentenced (*see People v Kuey*, 83 NY2d 278, 282 [1994]). Pursuant to a plea agreement, defendant was resentenced to a term which would be concurrent with the longer sentence imposed on his new charge. Additionally, there was no request by defense counsel to obtain an updated presentence investigation report and, following the guilty plea, he consented to County Court proceeding immediately to sentencing, at which time defendant declined the court's offer to speak (*see People v Moon*, 225 AD2d 826, 828 [1996], *lv denied* 88 NY2d 939 [1996]). We are also unpersuaded by defendant's assertion that the agreed-upon sentence was harsh or excessive or that the record presents any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Olivett, supra* at 969; *People v Ballinger*, 299 AD2d 738, 739 [2002]).

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.