■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELORES FERNANDEZ, Appellant. [775 NYS2d 913]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 8, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was serving five years' probation for her 2001 conviction of grand larceny in the fourth degree when she was charged with violating the terms of her probation by missing scheduled appointments with her probation officer, failing to comply with treatment recommendations and neglecting to make any effort to satisfy restitution. Defendant pleaded guilty to violating the terms of her probation. Although sentencing was suspended in order to give defendant another chance to succeed on probationary status, defendant's probation was ultimately revoked and she was sentenced to a prison term of 1¹/₃ to 4 years.

Inasmuch as there was no request for an updated presentence investigation report, defendant's contention that County Court erred in failing to order a second presentence investigation report is not preserved for our review (*see People v Olivett*, 301 AD2d 968, 969 [2003]; *People v Moon*, 225 AD2d 826, 827-828 [1996], *lv denied* 88 NY2d 939 [1996]). Were we to consider the issue, we would find, after a review of the record, that defendant and her probation officer apprised the court of all relevant factors regarding defendant's conduct in the intervening months since her initial sentence of probation (*see People v Wingenter*, 261 AD2d 716, 717 [1999]; *People v Travers*, 234 AD2d 808 [1996]). Furthermore, given defendant's inability to abide by the terms of probation, we reject defendant's contention that the sentence imposed was harsh or excessive (*see People v Olivett, supra* at 969) and find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.