■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. DREW, Appellant. [792 NYS2d 639]—

Crew III, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered July 19, 1999, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant was charged in a 20-count indictment with multiple crimes arising from his burglary, assault of the homeowner during the burglary and subsequent standoff with police officers. Pursuant to a negotiated plea agreement, defendant pleaded guilty to burglary in the first degree in full satisfaction of the indictment in exchange for a sentence of 11 years and agreed to pay restitution as part of his sentence. He was

then sentenced in accordance with the plea agreement and ordered to pay $22,905.73 in restitution.

Defendant thereafter successfully moved to vacate his sentence based upon County Court's failure to advise him that he would be subject to a mandatory period of postrelease supervision. At the ensuing plea hearing, defendant pleaded guilty to the crime of burglary in the first degree in exchange for an agreed-upon sentence of 10 years, to be followed by three years of postrelease supervision, and agreed to pay an approximated sum of $24,000 in restitution. Defendant then was sentenced in accordance with this plea agreement and ordered to pay $22,905.73 in restitution. He now appeals.

Initially, we are not persuaded by defendant's contention that his sentence is harsh and excessive or should be modified in the interest of justice. In light of the violent nature of defendant's crimes, which included the brutal beating of the victim in her own home and in the presence of her young son, as well as a standoff that endangered the lives of law enforcement officers, we do not find an abuse of discretion or extraordinary circumstances warranting a reduction in the sentence (*see People v Pailin*, 306 AD2d 558, 558 [2003], *lv denied* 100 NY2d 597 [2003]; *People v Ackerley*, 297 AD2d 861, 862 [2002], *lv denied* 99 NY2d 554 [2002]; *People v Coleman*, 257 AD2d 919, 919 [1999]).

Next, defendant's assertion that County Court erred in failing to hold a hearing regarding restitution is not properly before us given his failure to request a hearing or dispute the amount of restitution during sentencing (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Sheehy*, 274 AD2d 844, 846 [2000], *lv denied* 95 NY2d 938 [2000]). Indeed, defendant agreed during the plea allocution to pay approximately $24,000 in restitution. And, in any event, the record evidence of the victim's medical costs, as well as the itemized damages to the police vehicles, amply supports the finding of the amount of restitution ordered, thereby obviating the need for a hearing on the issue (*see* Penal Law § 60.27 [2]; *People v Kim*, 91 NY2d 407, 410-411 [1998]; *People v Stedge*, 250 AD2d 880, 880 [1998]; *People v Masten*, 215 AD2d 892, 893 [1995], *lv denied* 86 NY2d 782 [1995]).

Finally, defendant waived any challenge to County Court's failure to obtain an updated presentence report before resentencing by not moving to vacate the resentencing nor objecting to the sentence on that basis (*see People v Fernandez*, 7 AD3d 886, 887 [2004]; *People v Peterson*, 7 AD3d 882, 883 [2004]). In any event, were we to consider his claim, we would find it to be unavailing. Defendant did not request an updated presentence

investigation report at any time before resentencing and, in fact, asked County Court to proceed with sentencing despite claimed errors in the report. Given the fact that defendant was continuously incarcerated from the time of the initial presentence investigation report and declined County Court's offer to speak to any intervening changes in his history, we discern no abuse of discretion under the circumstances (*see People v Hogencamp*, 6 AD3d 877, 878 [2004], *lv denied* 3 NY3d 707 [2004]; *People v Thomas*, 283 AD2d 724, 724-725 [2001]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.