(November 22, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. WALTS, Also Known as JAMES E. VEASEY, Appellant. [824 NYS2d 479]—

Peters, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered November 7, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2001, defendant pleaded guilty to driving while intoxicated and was sentenced to five years of probation. In 2004, he was found guilty of violating his probation when he left the state without prior permission and failed to report to his probation officer. Defendant was resentenced to six months in jail and the terms of his original probation were continued.

In September 2005, defendant was again charged with violating the terms of his probation when he failed to attend scheduled meetings with his probation officer and failed to provide notarized documentation of his residence. Following a hearing, County Court agreed and subsequently sentenced him to a prison term of 1 to 3 years. Defendant appeals and we affirm.

A probationer is required to "[r]eport to a probation officer as directed by the court or the probation officer" (Penal Law § 65.10 [3] [a]). Failure to report to a probation officer or to attend scheduled meetings constitutes a violation of probation (see People v Pidcoe, 294 AD2d 715 [2002]; People v Bellamy, 212 AD2d 921 [1995], lv denied 85 NY2d 906 [1995]). Here, it is undisputed that on three separate occasions, defendant failed to attend or cancel scheduled meetings with his probation officer. This, in itself, establishes a violation of probation by a preponderance of the evidence (see CPL 410.70 [3]; People v Murray, 12 AD3d 838, 840 [2004], lv denied 4 NY3d 766 [2005]).*

---

* Although we need not address the second basis for County Court's finding of a violation of probation, to wit, defendant's failure to answer all reasonable inquiries, we note that the probation officer's request for a notarized verification of defendant's occupancy extended beyond the scope of an "inquiry" (see

Defendant's next contention, that County Court abused its discretion by failing to order an updated presentence investigation report, is without merit. As he neither requested an updated report nor made an appropriate objection during resentencing, such claim is not preserved (*see People v Drew*, 16 AD3d 840, 841-842 [2005]; *People v Fernandez*, 7 AD3d 886, 887 [2004]; *People v Peterson*, 7 AD3d 882, 883 [2004]). Had we considered the issue, we would have found no abuse of discretion. A presentence investigation is required prior to initial sentencing for any defendant convicted of a felony (*see* CPL 390.20 [1]). However, where, as here, a defendant is being resentenced, "the decision whether to obtain an updated report . . . rest[s] in the sound discretion of the sentencing Judge" (*People v Kuey*, 83 NY2d 278, 282 [1994]; *see People v Hogencamp*, 6 AD3d 877, 878 [2004], *lv denied* 3 NY3d 707 [2004]). With the record evincing that County Court was fully aware of all pertinent issues at the time of resentencing, we discern no error.

Given defendant's sentence, which was within the statutory range, and his proven inability to abide by the conditions of probation, we fail to find his sentence harsh or excessive. Nor do we find extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Fernandez*, *supra* at 887; *People v Olivett*, 301 AD2d 968, 969 [2003]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

Penal Law § 65.10 [3] [c]). As an expansion or modification of the probationary terms must come from the court (*see* CPL 410.20 [1]; *People v K.D.*, 4 Misc 3d 776, 778 [2004]), this independent request by the probation officer exceeded her authority (*see* CPL 410.10 [1]; Penal Law § 65.10 [1]; *People v Fuller*, 57 NY2d 152, 158-159 [1982]).