■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE KAULBACK, Appellant. [847 NYS2d 691]—

Lahtinen, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered December 21, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

As a result of forging checks belonging to her employer and making unauthorized purchases on her employer's credit cards, defendant pleaded guilty to grand larceny in the fourth degree in April 2002 and was sentenced to five years probation. In November 2006, defendant was charged with violating her probation based upon allegations of, among others, failing to notify her probation officer of her employment as a medical aide to a person suffering from multiple medical problems, an allegation which was eventually sustained by County Court. Following its determination that defendant had violated her probation, County Court resentenced her to a term of imprisonment of 1 1/3 to 4 years. Defendant now appeals, contending that County Court abused its discretion in failing to order an updated presentence investigation report and that her sentence was harsh and excessive. We disagree.

Initially, as defendant concedes, inasmuch as she failed to request an updated report or make an appropriate objection, her first contention is unpreserved for our review (*see People v Henkel*, 37 AD3d 873, 873 [2007], *lv denied* 8 NY3d 985 [2007]; *People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Olivett*, 301 AD2d 968, 969 [2003]). In any event, defendant and counsel both made statements to County Court before sentencing, thus affording them the opportunity to apprise it of any pertinent subsequent conduct (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]). Further, both of defendant's probation officers testified as to defendant's intervening conduct at the hearing and were cross-examined by defense counsel (*see People v Fernandez*, 7 AD3d 886, 887 [2004]). Thus, it is clear from the record that defendant had ample opportunity to supply any pertinent information to County Court, and it was aware of defendant's comportment subsequent to the pre-sentence investigation report. Consequently, we find that County Court did not abuse its discretion in determining not to update the report (*see People v Kuey*, 83 NY2d at 282-283; *People v Henkel*, 37 AD3d at 873; *People v Walts*, 34 AD3d at 1044).

Finally, given defendant's inability to abide by the terms of her probation, we are unpersuaded that the sentence imposed was harsh and excessive and we find no extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see People v Walts*, 34 AD3d at 1044; *People v Fernandez*, 7 AD3d at 887).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.