[877 NYS2d 1]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COSTON, Appellant.

First Department, March 24, 2009

## APPEARANCES OF COUNSEL

*Steven Banks, The Legal Aid Society*, New York City (*Laura Boyd* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Jean Soo Park* and *Karen Swiger* of counsel), for respondent.

**OPINION OF THE COURT**

McGUIRE, J.

The principal issue on this appeal may be a novel one—the parties cite no precedent squarely on point—concerning the scope of the right secured by the double jeopardy provisions of the federal and state constitutions (US Const 5th Amend; NY Const, art I, § 6) not to be punished twice for the same offense. We need not, however, survey double jeopardy precedents to resolve this issue. The parties each rely on two decisions of the United States Supreme Court, *Ex parte Lange* (18 Wall [85 US] 163 [1873]) and *In re Bradley* (318 US 50 [1943]), that are pillars of the third protection afforded by the double jeopardy clauses of the federal and state constitutions, "the protection against multiple punishments for the same offense" (*Jones v Thomas*, 491 US 376, 381 [1989] [internal quotation marks omitted]; *see also People v Biggs*, 1 NY3d 225, 228-229 [2003]). Both cases held that the right not to be punished twice for the same offense was violated by sentences that are similar to both the original and revised sentences imposed in this case. The sentences imposed in *Ex parte Lange* and *In re Bradley*, however, differ in a critical respect from the original and revised sentences. That difference requires the conclusion that defendant's double jeopardy claim is without merit.

Defendant was convicted upon his plea of guilty to every count remaining in the indictment at the time of the guilty plea, a misdemeanor drug possession charge previously having been dismissed. As is clear from the prosecutor's statements, the People insisted that defendant plead guilty to the entire indictment in light of their opposition to the promised sentence. Specifically, defendant pleaded guilty to reckless endangerment in the first degree, criminally negligent homicide, criminal mischief in the fourth degree, operating a motor vehicle while under the influence of alcohol and two counts of leaving the scene of an incident without reporting.

In the plea colloquy defendant admitted under oath that on March 29, 2003, after consuming alcohol, he drove a motor vehicle at a speed in excess of the posted limit on a street in the Bronx before striking and causing more than $250 in damage to a parked car. He admitted that he thereafter drove

his vehicle in reverse, striking his passenger, Ida Benitez, with the back door of the vehicle as she exited, inflicting fatal injuries. Defendant also admitted that although he knew he had struck Ms. Benitez, he fled the scene without reporting to the police either that he had caused damage to the parked car or injured Ms. Benitez. Finally, defendant did not dispute the results of a breathalyzer test indicating that he had a blood alcohol level of .08%.

At the outset of the plea proceedings, defendant's attorney stated that defendant was offering to plead guilty on the understanding that he would be sentenced to a "six month split," by which, as is clear from the subsequent discussion, counsel meant a period of six months' intermittent incarceration (to be served on weekends) and a period of five years' probation. Counsel further stated that although he had discussed with defendant the option of pleading guilty and receiving a sentence of intermittent prison of one year to be served on weekends, defendant had "opted to take the six months and the probation offer rather than one year." The court promised defendant that he would be sentenced to a term of six months' intermittent imprisonment, which would be served on weekends, and five years' probation. Following the allocution, the prosecutor expressed satisfaction with the allocution itself but stated the People's position that the appropriate sentence was a prison sentence of 1 to 3 years' incarceration.

At the sentencing proceeding on October 5, 2005, defense counsel stated that defendant was relying on the promised sentence. The court noted that defendant had pleaded guilty to a violation of subdivision (1) of Vehicle and Traffic Law § 1192, operating a motor vehicle while under the influence of alcohol, and that the court did not recall whether it had stated at the plea proceeding that a fine of $500 was "mandatory" upon a conviction for that crime. When defense counsel stated he was not sure if such a fine was required, the court asserted that it and a 90-day suspension of defendant's driver's license were required.[1] The court asked defense counsel if he had anything else to say, and counsel responded, "I think that's it." When the court asked defendant if he had anything to say before sentence was imposed, defendant stated, "No."

The court then pronounced the sentence. Specifically, the court stated that "the sentence of the Court . . . on defendant's

---

1. The court erred. As discussed below, the maximum authorized fine is $500; a fine of at least $300 is mandated (Vehicle and Traffic Law § 1193 [1]).

plea of guilty to reckless endangerment in the first degree, criminally negligent homicide, operating a motor vehicle while under the influence of alcohol, leaving the scene of an incident without reporting two counts, is a term of incarceration of six months plus a term of probation of five years." In addition, the court stated that "there's a fine imposed in the amount of five hundred dollars" and directed both a 90-day suspension of defendant's driver's license and the imposition of surcharges that are not relevant to the issues presented on appeal. The court went on to state that defendant's weekend incarceration would commence on November 11, 2005, with the final weekend commencing on May 12, 2006 and ending on May 14, 2006. Finally, the court set December 30, 2005 as the date by which defendant was required to pay the $500 fine, but made clear that if defendant did not have the money by that date he would be given additional time to pay it. Defendant voiced no objection to any aspect of the sentence.

The court's comments prior to pronouncing sentence make clear that the $500 fine was imposed on the conviction for operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192), which is a traffic infraction under the particular facts of this case (Vehicle and Traffic Law § 1193 [1] [a]) as defendant was convicted under subdivision (1) of Vehicle and Traffic Law § 1192 for driving while his ability to operate a motor vehicle was impaired by the consumption of alcohol. The court otherwise failed to specify the sentence for each offense and also failed to mention the conviction for the class A misdemeanor of criminal mischief in the fourth degree (Penal Law § 145.00). Although the parties do not discuss either failure, or mention the latter, we briefly discuss both below, as well as another problem with the sentence that the parties do not mention.

Thereafter, the court modified the sentence on several occasions by changing the dates on which defendant would serve the remaining period of intermittent imprisonment and by resentencing defendant on one of those occasions, December 13, 2005, to an intermittent prison term of five months. The legality of neither the modifications nor the resentencing to an intermittent prison term of five months is in dispute on this appeal.

Defendant's double jeopardy claim arises from another resentencing proceeding, conducted on July 26, 2006.[2] Penal Law § 60.01 (2) (d) provides as follows:

> "In any case where the court imposes a sentence of imprisonment not in excess of sixty days[ ] for a misdemeanor or not in excess of six months for a felony *or in the case of a sentence of intermittent imprisonment not in excess of four months,* it may also impose a sentence of probation or conditional discharge provided that the term of probation or conditional discharge together with the term of imprisonment shall not exceed the term of probation or conditional discharge authorized by article sixty-five of this chapter. The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge" (emphasis added).

Thus, the intermittent imprisonment component of both the original (six months) and revised (five months) sentences was illegal.

At the July 26, 2006 resentencing the court stated that it had erred and that defendant should have been sentenced to a term of four months' intermittent imprisonment. The court stated that "the sentence is vacated" and "the defendant is now sentenced" to a term of four months' intermittent imprisonment to be served on weekends and five years' probation. Although not pronounced orally by the court, the sentencing order signed by the court expressly states that the sentence included a fine of $500 to be paid "on or before 12/30/05," the same date for payment specified in the original and the revised sentences. Defendant voiced no objection to this revised sentence.

■ Before addressing defendant's appellate claims—his double jeopardy challenge to the probation component of the sentence and his claim relating to the fine component—we first discuss the two failures noted above. A threshold issue, however, also must be addressed and it can be disposed of summarily. At the plea proceeding, defendant answered "yes" when the court asked if he understood that he was "waiving [his] right to appeal this plea and sentence." We need not pause to consider the

---

2. The transcript of this proceeding is dated July 26, 2006, but the sentencing order is dated July 27, 2006. The discrepancy is immaterial.

People's dubious argument that defendant validly waived his right to appeal. As defendant correctly argues, even assuming the validity of the waiver generally, "a defendant may not waive the right to challenge the legality of a sentence" (*People v Seaberg*, 74 NY2d 1, 9 [1989]). Moreover, the two illegal sentence claims defendant raises arise out of events that occurred after the plea and the imposition of the original sentence. A valid waiver of the right to appeal cannot plausibly be thought to preclude review of all claims of error arising out of judicial or prosecutorial actions that occur after sentencing, regardless both of whether the actions were unlawful and of whether they were or reasonably could have been foreseen at the time of sentencing.

## A

As pronounced, but putting aside the effect of Penal Law § 60.01 (2) (d), the sentence is lawful with respect to the convictions for the two felony offenses, the class D felony of reckless endangerment in the first degree (Penal Law § 120.25) and the class E felony of criminally negligent homicide (Penal Law § 125.10). A five-year period of probation is specified whenever the court determines to impose a period of probation (Penal Law § 65.00 [3] [a] [i]) for class D and E felonies for which a definite sentence of one year or less is authorized (Penal Law § 70.00 [4]), and the five-month term of the intermittent imprisonment satisfies the requirement of Penal Law § 85.00 (3) that the term not exceed the term of the definite sentence that could have been imposed.

On the other hand, if the probation and intermittent prison components of the sentence as pronounced were to be viewed as having been imposed as well on the other offenses for which the court stated it was imposing sentence, the sentence would be illegal to that extent. With respect to the two convictions for leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600), one of them (Vehicle and Traffic Law § 600 [2] [a]) is a class B misdemeanor (Vehicle and Traffic Law § 600 [2] [c]) and the other (Vehicle and Traffic Law § 600 [1] [a])—like the conviction under Vehicle and Traffic Law § 1192 (1)—is a traffic infraction (Vehicle and Traffic Law § 600 [1]). For a class B misdemeanor, when the court determines to impose a period of probation, a one-year period is specified (Penal Law § 65.00 [3]), and the term of imprisonment may not exceed three months (Penal Law § 70.15). Because a traffic infraction is not a

"crime" (Penal Law § 10.00 [6]), the sentence may not include a period of probation (Penal Law § 65.00 [1]), and the term of imprisonment may not exceed 15 days (Vehicle and Traffic Law § 600 [1]). Although a sentence of intermittent imprisonment is authorized for a class B misdemeanor and a traffic violation (Penal Law § 85.00 [2] [a]; *see also* Penal Law § 60.20 [1] [d]), the term of the intermittent imprisonment component of the original and revised sentences exceeds the maximum definite sentences of imprisonment authorized for these offenses.

If the probation and intermittent prison components of the sentence as pronounced were to be viewed as having been imposed only on the two felonies, it would follow that the court failed to impose any sentence on the two Vehicle and Traffic Law § 600 offenses, i.e., the B misdemeanor and the traffic infraction. That would raise an additional issue, one which arises in any event on account of the court's failure to pronounce any sentence on the conviction for criminal mischief in the fourth degree. Penal Law § 60.01 (1) states that "[e]xcept as otherwise specified in this article, when the court imposes sentence upon a person convicted of an offense, the court *must* impose a sentence prescribed by this section" (emphasis added). It appears that no provision of article 60 would apply here so as to negate this mandate, but the parties do not address the issue and we need not decide it. Although lawful concurrent terms of intermittent imprisonment presumably could have been imposed for the Vehicle and Traffic Law § 600 offenses,[3] the court did not pronounce such sentences and for that reason alone they cannot be viewed as having been legally imposed (*People v Sparber*, 10 NY3d 457 [2008]). For the same reason, it is of no legal moment that the sentencing order signed by the court on the date of the original sentence states that the criminal mischief crime was one of the offenses for which sentence was imposed. Even if the sentence as pronounced lawfully could be viewed as having been imposed on the criminal mischief conviction, the period of probation exceeds the three-year period specified for such a class A misdemeanor (Penal Law § 65.00 [3] [b] [i]).

---

**3.** Penal Law § 85.00 (2) (b) precludes a sentence of intermittent imprisonment when "the court is . . . imposing any other sentence of imprisonment upon the defendant at the same time." Although we need not decide the point, it seems reasonable to construe the phrase "any other sentence of imprisonment" to mean any sentence of imprisonment other than a sentence of intermittent imprisonment.

A final problem with the sentencing pronouncement, which also makes it difficult to view the sentence as having been imposed on the misdemeanor violation of Vehicle and Traffic Law § 600, is an ironic one, given defendant's appellate claim that he is entitled to get back the $500 fine he paid for the Vehicle and Traffic Law § 1192 (1) conviction. The problem is that upon conviction for that misdemeanor, the Legislature has mandated a fine of not less than $250 nor more than $500 (Vehicle and Traffic Law § 600 [2] [c]). The court, however, did not impose any fine for this offense.

Defendant is not aggrieved by any of these failures and omissions. Although the People are aggrieved, the one-year period in which they may move to set aside a sentence as invalid as a matter of law has elapsed (CPL 440.40 [1]). Whether a partial failure of the sentencing court to comply with the mandate of Penal Law § 60.01 (1) is subject to that time limitation is a matter we need not address. Similarly, whether we or the sentencing court have the authority under the circumstances of this case to correct the sentence sua sponte also is an issue we need not address. Nor would it be prudent to determine what if any corrective action we might take on account of these failures and omissions given that the parties do not address them in their briefs. For the reasons stated below, we affirm the judgment. Our affirmance, however, should not be construed to preclude the People or the court from taking whatever actions they may believe to be authorized and appropriate.

## B

In *People v Sparber* (10 NY3d 457 [2008]), the Court of Appeals held that the failure of the sentencing courts in each of the five cases before it to pronounce orally a term of postrelease supervision at the sentencing proceeding was contrary to statutory mandates (*id.* at 469-471). As the sentences would be unlawful without a period of postrelease supervision (*id.* at 469, 471), the Court held that the "sole remedy" for the "procedural error" was "to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement" (*id.* at 471). According to defendant, the sentence was vacated entirely at the July 26, 2006 resentencing proceeding. Because the court did not then pronounce that the sentence included a fine of $500, defendant argues that under *Sparber* the sentence imposed on July 26, 2006 does not include that fine. He further contends not only that the omission of the fine

was lawful and that *Sparber* therefore does not require a remand for the purpose of reimposing the fine, but that this Court lacks authority under CPL 470.15 (1) and (2) (c) to direct such a remand. For these reasons, defendant claims he is entitled to have the $500 he paid in satisfaction of the fine component of the original sentence returned to him.

■ This claim is without merit. At the July 26, 2006 resentencing proceeding, the court stated that "[i]t should be four months with probation so the sentence is vacated." As the immediately preceding statement of the court makes clear, the "[i]t" to which the court referred was the imprisonment component of the sentence. At no point during the proceeding did the court state that it was vacating the sentence in its entirety. The linchpin in defendant's claim—that the fine component of the sentence was vacated—thus disintegrates. Because the fine component was pronounced orally by the court at the original sentencing proceeding and was not vacated thereafter, it did not have to be repronounced. Moreover, our conclusion that the fine component was not vacated is buttressed by the written sentencing order signed by the court stating that the fine was to be paid "on or before 12/30/05," the same date specified in the original sentencing order and in each of the two prior sentencing orders that modified the intermittent prison component of the sentence.

Even assuming that defendant had met his burden as appellant (*see Appleby v Erie County Sav. Bank*, 62 NY 12, 18 [1875]) to establish the illegality of the fine component of the sentence by showing that it was vacated at the July 26, 2006 proceeding, we would be unwilling to extend the holding of *Sparber* to a case in which a component of a sentence was not *repronounced* in the defendant's presence at a subsequent resentencing proceeding. The original sentence imposed a fine of $500 that was pronounced by the court. When a defendant has not been convicted within the preceding five years of a violation of Vehicle and Traffic Law § 1192 (1), the subdivision of the offense of "Operating a motor vehicle while under the influence of alcohol or drugs" under which defendant was convicted, a fine of at least $300, but not more than $500, is mandated by statute (Vehicle and Traffic Law § 1193 [1]). As noted, each of the sentencing orders signed by the court expressly states that the sentence includes a $500 fine. Under these circumstances, we would be loathe to require a proceeding that would be pointless precisely because its outcome would be inevitable (*see* CPL 470.05 [1]

["An appellate court must determine an appeal without regard to technical errors or defects which do not affect the substantial rights of the parties"]). Even if a remand were required, defendant's claim that it would be unauthorized because the ostensible "omission of the fine from the resentencing was lawful" is erroneous. A fine of at least $300 is mandated by statute.

■ Finally, defendant is entitled to no relief on account of his separate argument premised on the court having made no mention of a fine during the plea proceeding and its erroneous statement at the original sentencing proceeding that a fine of $500 for the Vehicle and Traffic Law § 1192 (1) offense was "mandatory." After all, defendant does not seek the "proper remedy [of] vacatur of the plea" (*Sparber*, 10 NY3d at 469) and seeks only relief, return of the entire fine, that would render the sentence illegal.[4]

## C

Turning to the double jeopardy claim, defendant does not and cannot make the broad assertion that the court lacked all authority to correct the illegal original sentence. Unquestionably, the court "had the inherent power to correct an illegal sentence" (*People v DeValle*, 94 NY2d 870, 871-872 [2000] [internal quotation marks omitted]). Accordingly, at least prior to defendant's completion of four months of intermittent imprisonment, the illegal original and revised sentences could have been corrected at any time (*Matter of Lionel F.*, 76 NY2d 747, 749 [1990] ["There is no constitutional impediment to a court's power to modify its decisions, provided such a modification does not subject an individual to double jeopardy"]).

Defendant's double jeopardy claim is based on the fact that as of July 26, 2006, the date the illegal revised sentence containing a five-month intermittent imprisonment component was corrected, he had already completed four months of intermittent imprisonment.[5] By a motion under CPL 440.20 dated October 18, 2007, defendant asserted that the imposition of the corrected sentence violated his double jeopardy rights, arguing that because he had already completed an "authorized, alternative

---

4. Defendant's present failure to seek vacatur of the plea, like his failure to object to the fine at sentencing, is far from puzzling. If he now sought vacatur of the plea or if he had objected at sentencing, the "proper remedy [of] vacatur of the plea" would expose him to the sentence the People recommended, a state prison term.

5. As discussed below, defendant's claim also depends on one other fact.

sentence, the court could not impose any further sentence." Accordingly, he maintained that the term of the corrected sentencing imposing a period of five years' probation had to be vacated. Although he now argues that no fine was imposed on July 26, 2006, he maintained as well that Supreme Court should not have "reimposed" the $500 fine on that date. Supreme Court denied the motion in a written decision dated March 13, 2008. Thereafter, defendant was granted leave to appeal from the order denying his CPL 440.20 motion and that appeal was consolidated with defendant's appeal from the underlying judgment.

■ Defendant's double jeopardy claim is without merit.[6] If defendant were correct, we would agree that it would not matter even if he knew that the intermittent imprisonment component of the original and revised sentences was illegal and chose to wait until after he served the four months before asserting such illegality and raising the bar of double jeopardy. Defendant's double jeopardy rights, however, were not violated when the court corrected the illegal revised sentence of five months' intermittent imprisonment and five years' probation, and resentenced defendant to the lawful sentence of four months' intermittent imprisonment and five years' probation.

*In re Bradley* does not support defendant's position. In *Bradley*, the petitioner was sentenced to a fine and a term of six months' imprisonment even though the statute specified that the court was authorized to impose either a fine or imprisonment but not both. After the petitioner had been committed to prison his attorney paid the fine. Later that same day, the court

---

**6.** We are not persuaded by the People's contention that defendant's double jeopardy claim is not preserved for review because defendant did not object at all to the imposition of the revised sentence at the resentencing proceeding on July 26, 2006. To be sure, a double jeopardy claim premised on the third protection afforded by the double jeopardy clause is subject to preservation requirements (*People v Gonzalez*, 99 NY2d 76, 82-83 [2002]). However, defendant raised precisely this double jeopardy argument in his motion under CPL 440.20 to set aside the probation component of the sentence, and that is sufficient to preserve the claim for review (*cf. People v Moon*, 225 AD2d 826, 827 [1996] [holding that challenge to sentence on direct appeal was not preserved for review where defendant had failed, inter alia, to move to set aside the sentence on this ground in a motion under CPL 440.20], *lv denied* 88 NY2d 939 [1996]). Relatedly, we need not address separately defendant's reliance on the double jeopardy clause of the New York Constitution (*see Matter of Suarez v Byrne*, 10 NY3d 523, 534 [2008] ["The Double Jeopardy Clauses in the State and Federal Constitutions are nearly identically worded, and we have never suggested that state constitutional double jeopardy protection differs from its federal counterpart"]).

"realizing that the sentence was erroneous, delivered to the clerk an order amending it by omitting any fine and retaining only the six months' imprisonment. The court instructed the clerk, who still held the money, to return it to the petitioner's attorney" (318 US at 51-52). The lawyer refused to accept the money (the practice of law being quite different then), the petitioner sought a writ of certiorari and the Supreme Court directed that the petitioner be discharged from custody. The Court reasoned as follows:

> "When . . . the fine was paid to the clerk and receipted for by him, the petitioner had complied with a portion of the sentence which could lawfully have been imposed. As the judgment of the court was thus executed so as to be a full satisfaction of one of the *alternative penalties* of the law, the power of the court was at an end. It is unimportant that the fine had not been covered into the treasury; it had been paid to the clerk, the officer of the United States authorized to receive it, and petitioner's rights did not depend on what that officer subsequently did with the money.
>
> "It follows that the subsequent amendment of the sentence could not avoid the satisfaction of the judgment, and the attempt to accomplish that end was a nullity. Since one valid *alternative* provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint" (*id.* at 52 [footnotes omitted; emphasis added]).[7]

Here, by contrast, the statute authorized the court to impose a sentence of intermittent imprisonment *and* a sentence of a period of probation (Penal Law § 60.01 [2] [d]). The sentence of intermittent imprisonment and the sentence of probation are not alternative sentences. Both are authorized. Indeed, although our analysis does not depend on it, they are interconnected components of *the* sentence.[8] To be sure, the statute does not authorize a sentence of a period of probation when a sentence

7. The Court did not mention the double jeopardy clause in its opinion, but it twice cited *Ex parte Lange* in footnotes to the first paragraph quoted above. The facts of *Ex parte Lange* are indistinguishable from those in *In re Bradley* and the holding in *Ex parte Lange* is predicated on the double jeopardy clause (18 Wall [85 US] at 175).

8. The last sentence of Penal Law § 60.01 (2) (d) states that "[t]he sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge." As the Court of Appeals has observed,

of intermittent imprisonment in excess of four months is imposed. The invalidity of one of the two components of the original sentence, however, cannot negate the statutory authority to sentence a defendant both to a fine and a period of intermittent imprisonment.

The holding in *Ex parte Lange* is based on reasoning that is identical to the reasoning in *In re Bradley*. There, too, the Court emphasized "[t]he error of the court in imposing the two punishments mentioned in the statute, when it had only the *alternative* of one of them" (18 Wall [85 US] at 174 [emphasis added]; *id.* at 175 ["The court, through inadvertence, imposed both punishments, when it could rightfully impose but one"]). The reference in *Ex parte Lange* to a "valid judgment" is of no moment. The Court rhetorically asked, after stressing that the petitioner had paid the fine and served a portion of the prison sentence, "all under a *valid* judgment, can the court vacate that judgment entirely, and without reference to what has been done under it, [and] impose another punishment on the prisoner on that same verdict?" (*id.* at 175 [emphasis added].) The Court appears to have concluded that the judgment was "valid," as opposed to "void," because "[i]t was rendered by a court which had jurisdiction of the party and of the offence, on a valid verdict" (*id.* at 174).

In any event, it makes no sense to suppose that if the fines imposed and paid in *Ex parte Lange* and *In re Bradley* had exceeded the statutory limits—if, in other words, the sentences were doubly flawed—the Court would have concluded that the petitioners' double jeopardy rights had not been violated. The ratio decidendi of both cases is that the petitioners would be "put to actual punishment twice" (*id.* at 175) if, after suffering in full one of the alternative punishments authorized by law, they were made to suffer as well the other alternative.

Acceptance of defendant's position would entail startling consequences. Consider a criminal statute authorizing a sentence of, for example, a fine of up to $1,500, a prison term of up to 15 years, or both such a prison term and fine. If a sentencing court mistakenly sentenced the defendant, perhaps for a violent felony offense, to 15 years in prison and a fine of $1,600, under defendant's view of double jeopardy the defendant would not

---

however, "the meaning of the additional directive that '[t]he sentence of imprisonment shall be a condition of . . . probation' remains obscure" (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 358 [1996], quoting Penal Law § 60.01 [2] [d]).

have to serve a day in jail if he paid the $1,600 fine immediately after sentence was imposed. Alternatively, the statute might authorize a sentence of up to 14 days in jail and a fine of up to $1,500. If a sentencing court mistakenly sentenced the defendant to 15 days in jail and a fine of $1,500, the defendant would not have to pay a penny of the fine if he first served the jail sentence.

*Ex parte Lange* and *In re Bradley* implicitly foreclose any argument that a defendant's subjective awareness of the illegal nature of the sentence is relevant to the constitutional analysis. Accordingly, it would not matter in either case if the defendant knew the sentence was illegal and waited until after the illegal component of the sentence was satisfied before raising the bar of double jeopardy to the remaining, perfectly legal component of the sentence. The prospect of such quixotic consequences flowing from defendant's position brings to mind the memorable words of the estimable Mr. Bumble. The views of neither Mr. Bumble nor Dickens do not of course shed any light on the original understanding of the double jeopardy provisions of the federal and state constitutions. Mr. Bumble's familiar words merit quotation just the same: "If the law supposes that, the law is a ass—a idiot." Another, far from questionable authority has made much the same point, albeit in less colorful terms: "neither the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls" (*Jones v Thomas*, 491 US at 387).

That defendant's double jeopardy claim lacks merit also can be seen when it is recognized that it depends on the fortuitous fact that the illegal revised sentence was corrected after the court realized its error.[9] Had the error not been corrected at the resentencing proceeding on July 26, 2006, defendant could not claim that because he had already served four months of intermittent imprisonment the court punished him twice for the same offense when it resentenced him on that date to four months of intermittent imprisonment and five years' probation. Defendant's position thus entails the equally startling proposition that although the *illegal* original and revised sentences (with intermittent terms of imprisonment of six and five

---

9. Regardless of whether a court must exercise its "inherent power to correct [an] error made at sentencing" (*People v Wright*, 56 NY2d 613, 614 [1982]) when it becomes aware that the sentence is illegal, the point is that defendant's illegal sentence was corrected only because the court realized it had erred and sua sponte corrected the error.

months, respectively) did not violate his double jeopardy rights, the *legal* revised sentence did violate those rights. By contrast, the double jeopardy violations in *Ex parte Lange* and *In re Bradley* inhered in the illegal sentences originally imposed, developing into actual violations when one component of the sentences was satisfied, and were unaffected by the revised sentences imposing punishments authorized by the statutes.

Regardless of whether defendant knew the intermittent imprisonment component of the sentence could not exceed four months and waited until after serving more than four months before pressing his double jeopardy claim, one of the two punishments imposed on him by the sentence was more severe than the statute authorized. That is certainly most unfortunate and would be all the more so if defendant did not know until after serving more than four months of intermittent imprisonment that no more than four months of intermittent imprisonment is authorized when a sentence of probation also is imposed. Some sentencing mistakes, like mistakes generally, cannot be undone at all, let alone consistently with double jeopardy protections. But not all uncorrectable sentencing mistakes violate these protections. The Legislature authorized both punishments and defendant was sentenced to both. Excessive punishment is not necessarily double punishment; defendant was punished excessively but not *"twice for the same offence"* (*Ex parte Lange*, 18 Wall [85 US] at 175).

Accordingly, the judgment of resentence, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 27, 2006, resentencing defendant upon his conviction of reckless endangerment in the first degree and other crimes to a term of four months' intermittent imprisonment to be served on weekends, five years' probation and a $500 fine, should be affirmed. The appeal from the order, same court and Justice, entered on or about March 17, 2008, which denied defendant's CPL 440.20 motion to set aside the resentence, should be dismissed as academic.

ANDRIAS, J.P., SWEENY and DEGRASSE, JJ., concur.

Judgment of resentence, Supreme Court, Bronx County, rendered July 27, 2006, affirmed. Appeal from order, same court, entered on or about March 17, 2008, dismissed as academic.