■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CLARK, Appellant. [914 NYS2d 918]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 14, 2010, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2007, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree, a class C felony, and was sentenced to five years of probation. He was subsequently charged with violating his probation. Following a violation hearing, County Court revoked his probation and resentenced him on the original charge to a term of imprisonment of six years, with two years of postrelease supervision. Defendant now appeals.

Defendant's contention that County Court abused its discretion by failing to order an updated presentence investigation report prior to resentencing him is unpreserved for our review in light of defendant's failure to request an updated report, make an objection during resentencing or move to vacate the sentence on this ground (*see People v Ruff*, 50 AD3d 1167, 1168 [2008]; *People v Kaulback*, 46 AD3d 1027, 1028 [2007]). In any event, the record reflects that two of defendant's probation officers apprised County Court of defendant's conduct subsequent to the presentence investigation report, and defendant was given an opportunity to convey any pertinent information to the court prior to resentencing (*see People v Kaulback*, 46 AD3d at 1028; *People v Fernandez*, 7 AD3d 886, 887 [2004]).

We do find and the People concede, that defendant's resentence to six years in prison is illegal. Defendant was convicted of a class C drug felony (*see* Penal Law §§ 110.00, 110.05, 220.16 [1]) and was not sentenced as a second felony offender (*see* Penal Law § 70.06) or a second felony drug offender (*see* Penal Law § 70.70 [3]). Accordingly, defendant was required to be sentenced to a prison term of at least one year but not to exceed 5$\frac{1}{2}$ years (*see* Penal Law § 70.70 [2] [a] [ii]). Inasmuch as defendant's resentence exceeded the legal maximum, the resentence must be vacated and the matter remitted to County Court for resentencing.

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.