People v Cox (2023 NY Slip Op 04797)

People v Cox

2023 NY Slip Op 04797

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

109521
[*1]The People of the State of New York, Respondent,
v
Marcel O. Cox II, Appellant.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Craig A. Meyerson, Peru, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Franklin County (Robert G. Main Jr., J.), rendered April 3, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2013, in satisfaction of a four-count indictment, defendant pleaded guilty to two counts of the reduced charge of criminal sale of a controlled substance in the fifth degree and was sentenced as a second felony offender to, among other things, five years of probation on each conviction. Although defendant was charged with and admitted to violating the terms of his probation in 2015 and again in 2016, each time defendant was restored to probation subject to amended terms and conditions. Thereafter, in 2017, defendant was charged a third time with violating the terms and conditions of his probation. Pursuant to the terms of an agreement, defendant admitted to violating the terms and conditions of his probation and waived his right to appeal. At the same appearance, County Court, notwithstanding defense counsel's request for additional time to gather more information, determined that there was sufficient information to proceed to sentencing, whereupon the court revoked defendant's probation and resentenced him to consecutive prison terms of 2½ years, followed by two years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his waiver of his right to appeal — as set forth at the 2017 proceeding — is invalid as the record does not reflect that County Court advised him of the separate and distinct nature of the waiver at the time that he admitted to the probation violation (see People v Steenberg, 161 AD3d 1453, 1453 [3d Dept 2018]; People v Hart, 160 AD3d 1137, 1138 [3d Dept 2018]).[FN1] Although the invalid appeal waiver does not foreclose defendant's challenges alleging that the court erred in not ordering an updated presentence investigation report (hereinafter PSI) prior to revoking his probation and resentencing him to a term of imprisonment and that the sentence was unduly harsh, we find them to be without merit.
Even assuming that defense counsel's statement that more information was needed before proceeding to sentencing was sufficient to preserve defendant's challenge regarding an updated PSI, we find such contention to be without merit. A PSI was available at the initial 2013 sentencing and thereafter updated in 2015 and 2016 in connection with defendant's two other probation violations. Further, the record reflects that, in relation to the instant violation of probation, an updated uniform court report was submitted to County Court. Such report "constitute[s] the functional equivalent of an updated presentence report" (People v Skidds, 123 AD3d 1342, 1343 [3d Dept 2014] [internal quotation marks, brackets and citations omitted], lv denied 25 NY3d 992 [2015]). In addition, defendant and defense counsel were afforded an opportunity to apprise the court of any pertinent information about defendant's conduct subsequent to [*2]the 2016 updated PSI (see People v Clark, 80 AD3d 1079, 1079 [3d Dept 2011]; People v Kaulback, 46 AD3d 1027, 1028 [3d Dept 2007]). In view of the foregoing, we find no abuse of discretion in the court not ordering an updated PSI prior to resentencing defendant (see People v Kuey, 83 NY2d 278, 282 [1994]; People v Kaulback, 46 AD3d at 1028).
Finally, given defendant's numerous unsuccessful opportunities to abide by the conditions of his probation, we are unpersuaded that the agreed-upon resentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]).
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the People rely on defendant's experience with waiving his rights to appeal in connection with the underlying plea and two prior parole violations in defending the instant appeal waiver, defendant similarly was not informed during those proceedings of the separate and distinct nature of the appeal waivers.